**Carl Anthony SALTARELLI, Appellant,**

v.

**Mary Hermann SALTARELLI, Appellee.**

No. 2–83–210–CV.

Court of Appeals of Texas, Fort Worth.

May 24, 1984.

Gandy Michener Swindle Whitaker & Pratt, and John W. Michener, Jr., Fort Worth, for appellant.

William E. Trantham, Farmers Branch, for appellee.

Before TENDER, C.J., and HUGHES and JOE SPURLOCK, II, JJ.

OPINION

HUGHES, Justice.

Mary Hermann Saltarelli was granted a no fault divorce on September 7, 1983 under TEX.FAM.CODE ANN. sec. 3.01 (Vernon 1975). Carl Anthony Saltarelli in his appeal alleges that sec. 3.01 of the Family Code violates his Fourteenth Amendment rights under the Constitution of the United States in that it offers no judicial protection for the institution of marriage.

We affirm.

The parties were married in July 1976 and separated in November 1981. They had been living apart and supporting themselves for twenty-two months before the divorce was granted. Mary Saltarelli testified that the marriage had become insupportable because of discord and conflict of personalities between herself and her husband and there was no hope they could get back together. Carl Saltarelli testified that in his opinion the marriage was not insupportable and that he was willing to work on the problems in the marriage. He admitted

that the court could not force Mrs. Saltarelli to live with him but he wanted the marriage to continue.

This court was faced with a similar situation in the case of *Trickey v. Trickey*, 642 S.W.2d 47 (Tex.App.—Fort Worth 1982, no writ). In that case, Mrs. Trickey argued that sec. 3.01 of the Family Code violated the First and Fourteenth Amendments of the Constitution of the United States and TEX. CONST. art. I, sec. 6, as applied to a "Christian marriage". Mr. Saltarelli advances the argument here, that so long as one of the parties to the marriage is willing to work on resolving all problems until reconciliation is achieved that the divorce should not be granted. We do not agree.

▬ TEX.FAM.CODE ANN. sec. 3.01 (Vernon 1975) reads as follows:

> On the petition of either party to a marriage, a divorce may be decreed without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

The parties here had been living apart for twenty-two months at the time of trial. They were supporting themselves and Mrs. Saltarelli stated there was "no hope that we could get back together ever". The fact that Mr. Saltarelli was willing to work at reconciliation does not mean there was a reasonable expectation that it would occur. Here, the question of whether the requirements of the statute have been met is solely within the discretion of the trial court and that determination will not be overturned unless an abuse of discretion is shown. The judge had sufficient evidence before him to determine that the statutory requirements were met and he did not abuse his discretion in granting the divorce.

Mr. Saltarelli also makes the argument that marriage is a contract and that to allow the benefits of the contract to be lost without an opportunity for due process of law is a violation of his constitutional rights.

▬ Many courts have held that marriage is not a contract, but a status created by the mutual consent of two people. *Maynard v. Hill*, 125 U.S. 190, 8 S.Ct. 723, 31 L.Ed. 654 (1888); *Trickey v. Trickey, supra; Hopkins v. Hopkins*, 540 S.W.2d 783 (Tex.Civ.App.—Corpus Christi 1976, no writ). The basic requirements of due process are notice and hearing. *Martinez v. Texas State Board of Medical Examiners*, 476 S.W.2d 400 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.). The record reflects that Mr. Saltarelli was protected in both of these regards. For this court to hold that marriage is a contract which must be kept in force until a breach in that contract occurs would in effect force one of the parties into indentured servitude for the life of the contract.

▬ We must agree that marriage is a sacred institution that deserves protection in our society today. We cannot agree however that the granting of a no fault divorce violates any constitutional right to due process.

Affirmed.