**In the Matter of the MARRIAGE OF Christi Lyn BEACH and Mark Robert Beach.**

No. 05–02–00825–CV.

Court of Appeals of Texas, Dallas.

Jan. 8, 2003.

David Eldon Moody, The Law Office of David Moody, P.C., Lubbock, for Appellant.

Richard Paul Elliott, Canton, for Appellee.

Before Justices MORRIS, MOSELEY, and FRANCIS.

## OPINION

Opinion by Justice MOSELEY.

Appellee, Christi Lyn Beach ("Wife"), filed a petition for a divorce from her husband, Mark Robert Beach ("Husband"), on the grounds of insupportability and cruelty. *See* TEX. FAM.CODE ANN. §§ 6.001, 6.002 (Vernon 1998). In response, Husband filed an application for a temporary injunction, requesting the trial court to order his wife to reconcile. After a hearing, the trial court denied Husband's application. Husband appeals. We have

jurisdiction over this interlocutory appeal. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(4) (Vernon Supp.2003). We affirm the trial court's order denying the temporary injunction.

A temporary injunction is an extraordinary remedy that does not issue as a matter of right. *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex.1993). Husband's application does not state whether he requested a traditional temporary injunction or a temporary injunction pursuant to Chapter 65 of the Texas Civil Practice and Remedies Code. Nevertheless, in either case, a trial court will deny a temporary injunction unless the applicant can demonstrate that: (1) a probable, imminent, and irreparable injury would occur before trial if the temporary injunction was not granted; and (2) he has a probable right, following trial on the merits, to the permanent relief requested. *See S.W. Bell Tel. Co. v. Pub. Util. Comm'n,* 72 S.W.3d 23, 29 (Tex. App.-Austin 2001, pet. dism'd w.o.j.) (citing *Walling,* 863 S.W.2d at 57); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 65.011(1) (Vernon 1997); *Town of Palm Valley v. Johnson,* 87 S.W.3d 110, 111 (Tex.2001) (holding section 65.011(1) requires a showing of irreparable harm).

We will uphold a trial court's order denying a temporary injunction unless we are convinced that it represents a clear abuse of discretion. *Walling,* 863 S.W.2d at 57. The trial court abuses its discretion in denying a temporary injunction when the court's decision is so arbitrary as to exceed the bounds of reasonable discretion. *See Rugen v. Interactive Bus. Sys., Inc.,* 864 S.W.2d 548, 551 (Tex.App.-Dallas 1993, no writ). We draw all legitimate inferences from the evidence in the light most favorable to the trial court's order. *Id.*

At the temporary injunction hearing, Wife testified that her marriage was irreparable due to discord and a conflict of personalities between her and her husband. Additionally, she testified that there was no chance for reconciliation. By her testimony, Wife established a prima facie case for a no-fault divorce pursuant to section 6.001. *See Baxla v. Baxla,* 522 S.W.2d 736, 738 (Tex.Civ.App.-Dallas 1975, no writ), *disapproved on other grounds by Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 142 (Tex.1977). Despite this prima facie case for a no-fault divorce, Husband nevertheless insists that his temporary injunction should have been granted. On appeal, as at the trial court hearing, Husband never clearly articulates how he has a probable right to permanent relief. Nevertheless, Husband asserts that the temporary injunction should be granted because a spouse has a legal duty to reconcile.

We conclude Husband's assertion that a spouse has a legal duty to reconcile is utterly without merit. Neither section 6.001 nor the cases cited by Husband impose a legal duty upon a spouse to reconcile. *Cf., e.g.,* Tex. Fam.Code Ann. § 6.001 (establishing elements for no-fault divorce); *Waite v. Waite,* 64 S.W.3d 217 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (addressing whether section 6.001 violated the United States or Texas Constitutions); *In re Marriage of Richards,* 991 S.W.2d 32 (Tex.App.-Amarillo 1999, pet. dism'd) (considering whether section 6.001 required a factual or legal determination); *Baxla,* 522 S.W.2d 736 (determining the evidence required to prove a no-fault divorce); *Cusack v. Cusack,* 491 S.W.2d 714 (Tex.Civ.App.-Corpus Christi 1973, writ dism'd) (discussing whether a spouse's adultery is material in no-fault divorce). On the contrary, some of the authority cited by Husband in fact discredits his assertion. *Cf. Saltarelli v. Saltarel-*

*li,* 670 S.W.2d 785, 786 (Tex.App.-Fort Worth 1984, no writ) (disagreeing with the assertion that a divorce should be denied so long as one of the parties to the marriage is willing to work on resolving all problems until reconciliation is achieved). Indeed, *Saltarelli* concluded that finding a spouse has a legal duty to reconcile would in effect force that spouse into "indentured servitude" for life. *See id.*

In summary, we hold that a spouse does not have a legal duty to reconcile. Husband has not and cannot demonstrate a probable right, after a trial on the merits, to the permanent relief he requested. *See S.W. Bell Tel. Co.,* 72 S.W.3d at 29. Moreover, in his brief, Husband acknowledged he could not be granted a temporary injunction absent such a duty to reconcile. Therefore, we conclude the trial court did not abuse its discretion by denying Husband's application for a temporary injunction. *See Rugen,* 864 S.W.2d at 551; *see also Walling,* 863 S.W.2d at 57.

We overrule Husband's issue and affirm the trial court's order denying his application for a temporary injunction.