# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00501-CV

**Ahmed Crowley, Appellant**

**v.**

**Donna Lenita Hinson-Crowley, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. FM202120, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ahmed Crowley, acting *pro se*, appeals from the trial court's judgment in a divorce suit brought by appellee Donna Lenita Hinson-Crowley (Hinson).[1] We will affirm the trial court's judgment.

### Factual and Procedural Background

Crowley and Hinson married in September 1998 and separated in August 1999. On three occasions, Crowley abused Hinson by punching, slapping and choking her. Ultimately, Hinson fled to a battered women's shelter. Shortly thereafter, Crowley received a ten-year sentence for

---

[1] Although Crowley refers to bringing a "restricted" appeal, he actually timely perfected an ordinary appeal. *See* Tex. R. App. P. 26.1.

forgery. Hinson filed for divorce in March 2002. There was one child of the marriage, a daughter who was born in January 1999.

Crowley answered and filed a sworn "declaration" setting forth his position on the issues in the case. Crowley later filed a motion for bench warrant and a motion for jury trial. The court granted the motion for jury trial, but denied Crowley's motion for bench warrant. Because Crowley did not appear in person or through counsel, the trial court heard testimony from Hinson and considered Crowley's previously filed declaration. The court granted the petition for divorce, appointed Hinson sole managing conservator, appointed Crowley possessory conservator, and granted Crowley supervised visitation. The court awarded the parties the personal property they each had in their respective possession: Hinson was awarded a personal computer; Crowley was awarded all of the household furniture, stereo equipment, a laser printer, and a pickup truck.

Crowley asserts eight issues on appeal. He complains that he was denied his Fourteenth Amendment right to be heard as a *pro se* litigant; that he was denied the appointment of an attorney ad litem after he had demonstrated indigency; that the court abused its discretion in denying Crowley the right to a jury trial; that the court abused its discretion in denying Crowley's motion for a bench warrant; that the trial court abused its discretion by denying Crowley his right to a jury trial; that the court abused its discretion by allowing Hinson to promulgate explicit testimony of alleged family violence without supportive evidence; that the court denied Crowley his right to conservatorship; and that the court unreasonably divided the marital property.[2]

---

[2] Crowley's brief does not comply with the rules for briefs. It fails to give citations to the record corresponding to the alleged errors. *See* Tex. R. App. P. 38.1. *Pro se* litigants are required to comply with the applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d

## Discussion

### *Standard of Review*

All of Crowley's complaints are reviewed under an abuse of discretion standard. *See Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003) (denial of appointment of attorney); *In re B.R.G.*, 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.) (denial of bench warrant); *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) (denial of jury demand); *National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 529 (Tex. 2000) (admission of evidence) *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (custody decisions); *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985) (division of marital estate).

A trial court abuses its discretion if its decision is "arbitrary, unreasonable, and without reference to any guiding rules and principles." *Rhyne*, 925 S.W.2d at 666. Appellate courts may not substitute their judgment for that of the trial court. *See Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Universal Health Servs. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.). Rather, courts of appeals must view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order is so arbitrary as to exceed the bounds of reasonable discretion. *See Universal Health Servs.*, 24 S.W.3d at 576. "[A]n abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision." *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.). When no party has requested findings of fact or

181, 184-85 (Tex. 1978); *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52-3 (Tex. App.—San Antonio 1999, pet. denied). However, the record in this case is short and we will consider Crowley's issues on the merits.

conclusions of law, the appellate court upholds the trial court's judgment on any legal theory supported by the record. *Davis*, 571 S.W.2d at 862.

### *Appointment of Counsel*

In his second issue, Crowley complains that the trial court erred by failing to appoint an attorney ad litem although he established his indigency. However, simply establishing that he was unable to pay for counsel does not entitle Crowley to the appointment of an attorney in this case.

A district judge has the power to appoint counsel for an indigent party in a civil case. *See* Tex. Gov't Code Ann. § 24.016 (West 1988). The Texas Supreme Court, however, has never held that a civil litigant must be represented by counsel for a court to carry out its essential functions. "[I]n some exceptional cases, the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996). Whether a case is "exceptional" is to be decided on a case-by-case basis. *Gibson*, 102 S.W.3d at 713 (refusal to appoint counsel for inmate prosecuting medical malpractice suit against prison doctor because such suits are "common").

In this case, Crowley has made no showing that any factors exist that would make his case exceptional. Crowley's case involves divorce and custody; it is not a termination case. *Cf.* Tex. Fam. Code Ann. § 107.013(a) (West 2002) (court must grant request for appointment of attorney ad litem to represent indigent party in suit to terminate parent-child relationship). There is no such provision for the appointment of an attorney solely to represent the interests of an adult party in a divorce. *Cf.* Tex. Fam. Code Ann. § 107.011(b) (appointment of attorney ad litem for adult party

4

in divorce if court deems representation necessary to protect interests of child who is subject matter of suit). The trial court did not abuse its discretion in failing to appoint an attorney for Crowley as he made no showing of special circumstances attendant to this divorce. *See Gibson*, 102 S.W.3d at 713.

### *Bench Warrant*

In his fourth issue, Crowley complains that the trial court erred in denying his motion for a bench warrant. Crowley acknowledges that a prisoner has only a qualified right to appear personally in a civil proceeding. *See In re B.R.G.*, 48 S.W.3d at 819; *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1997, no pet.). The court's decision to grant or deny a bench warrant is reviewed for an abuse of discretion. *In re B.R.G.*, 48 S.W.3d at 820; *Dodd v. Dodd*, 17 S.W.3d 714, 716 (Tex. App.—Houston [1st Dist.] 2000, no pet.). A trial court abuses its discretion only if the inmate has been effectively barred from presenting his case. *Aguilar v. Alvarado*, 39 S.W.3d 244, 248 (Tex. App.—Waco 1999, pet. denied); *Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex. App.—Texarkana 1994, writ denied).

In determining whether to permit an inmate's personal appearance, the trial court must balance the inmate's right of access to the courts with the State's interest in preserving the integrity of the correctional system and try to achieve a balance that is fundamentally fair. *In re B.R.G.*, 48 S.W.3d at 819-20; *Pedraza*, 960 S.W.2d at 342 (citing *Stone v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976)). The trial court considers a variety of factors: the cost and inconvenience of transporting the inmate to court; the security risk and danger to the court and public; whether the inmate's claims are substantial; whether a determination of the matter can reasonably be delayed

until the inmate is released; whether the inmate can and will offer admissible, non-cumulative testimony that cannot be offered effectively by deposition, telephone or other means; whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; whether the trial is to the court or a jury; and the inmate's probability of success on the merits. *In re B.R.G*, 48 S.W.3d at 819-20; *Pedraza*, 960 S.W.2d at 342. If the court determines that the prisoner is not entitled to appear personally, then the court should generally permit the inmate to proceed by affidavit, deposition, telephone, or other effective means. *See In re B.R.G.*, 48 S.W.3d at 819-20; *Aguilar*, 39 S.W.3d at 248.

The record shows that the court considered Crowley's motion for bench warrant. Crowley's history of violence toward Hinson was an important factor. Crowley made no showing that he could not adequately present his case through alternative means. In fact, Crowley filed a comprehensive declaration presenting his case. That declaration simply opposed the divorce on the grounds that he thought the parties still loved each other and that the marriage should be given a chance. Hinson's petition sought a "no-fault" divorce on the grounds of insupportability. She testified to all of the necessary elements, thus establishing her prima facie case. *See, e.g.*, *In re Beach*, 97 S.W.3d 706, 708 (Tex. App.—Dallas 2003, no pet.). A spouse does not have a duty to reconcile. *Id*. Given the lack of a defense, there was no need for the court to make the kind of credibility judgment that would necessitate an in-person appearance. Given Crowley's incarcerated status, as a practical matter, it is unlikely that he would have been awarded managing conservatorship status even had he appeared. These factors all weigh against granting a bench

6

warrant. The trial court did not abuse its discretion in denying that warrant. *See In re B.R.G.*, 48 S.W.3d at 820.[3]

Finally, Crowley has the burden of showing the alleged error in denying the bench warrant probably caused the rendition of an improper judgment or prevents him from properly presenting the case to the court of appeals. Tex. R. App. P. 44.1(a); *McCarroll v. Texas Dep't of Pub. Safety*, 86 S.W.3d 376, 379 (Tex. App.—Fort Worth 2002, no pet.). Hinson was awarded a no-fault divorce; Crowley received the property division he requested in his declaration; he was awarded possessory conservatorship with supervised visitation. Crowley has the ability, once released from prison, to bring a motion to modify custody provisions appropriate to the change of circumstances upon his release should he wish. Accordingly, even if the trial court erred, such error was harmless. We overrule issue four.

In his fifth issue, Crowley complains that he was denied his right to a jury trial. In this case, the court did not deny Crowley's motion for a jury trial. Crowley's real complaint is that the court did not grant his bench warrant to allow him to make a personal appearance, an issue already overruled. We overrule Crowley's fifth issue.

In his first issue, Crowley complains generally that he was denied his fourteenth amendment right to be heard as a *pro se* litigant. This complaint relates to his fourth and fifth issues,

---

[3] In this case, the record reflects an express consideration of the motion for bench warrant. The Texas Supreme Court has recently clarified that an inmate seeking a bench warrant has the burden to provide factual information showing why his interest in appearing in person outweighs the impact on the correctional system. *In re Z.L.T.*, 47 Tex. Sup. Ct. J. 113, 114 (Nov. 21, 2003). The supreme court held that a trial court has no independent duty to identify and evaluate on the record the various factors enumerated in *Stone v. Morris*, 546 F.2d 730, 735-36 (1976), relied on by Texas appellate courts in their analysis, before disposing of a motion for bench warrant. *Id*.

which have been overruled. Crowley complains that the court withheld information and failed to rule on motions. However, Crowley points to no place in the record that supports these assertions and we find none. We overrule his first issue.

### Admission of Evidence of Family Violence

In his sixth issue, Crowley complains that the court abused its discretion in allowing petitioner's attorney "to promulgate explicit testimony of alleged family violence without supportive evidence" and suggests that this testimony is "hearsay." The evidence of family violence before the trial court came in the form of Hinson's direct testimony that Crowley punched, slapped and choked her three times. It was not an abuse of discretion to admit the testimony. *See Allen*, 15 S.W.3d at 529. We overrule Crowley's sixth issue.

### Conservatorship

In his seventh issue, Crowley contends that he is being denied his right to conservatorship. The primary consideration in determining conservatorship, possession, and access to the child is the best interest of the child. Tex. Fam. Code Ann. § 153.002 (West 2002). The court has wide latitude in determining the best interests of a minor child. *See Gillespie*, 644 S.W.2d at 451. An appellate court should only reverse the judgment of the trial court when it appears from the record as a whole that the court has abused its discretion. *See id*. A court may consider many factors in determining the best interest of the child. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976) (non-exclusive list of various factors in determining best interest of child; termination case); *McDonald v. McDonald*, 821 S.W.2d 458, 460-61 (Tex. App.—Houston [14th Dist.] 1992, no writ)

8

(applying *Holley* factors to custody determination in divorce proceeding). In deciding custody issues in this case, the trial court considered the additional factor of family violence. *See* Tex. Fam. Code. Ann. § 153.004(a), (c) (West 2002) (evidence of use of physical force against party's spouse in determining managing conservatorship and in determining whether to deny, restrict, or limit the possession of child by possessory conservator).

The court considered Crowley's violence toward Hinson in making its decision. In determining conservatorship, the court could take into consideration how well the child's best interest would be served with a managing conservator who would be unable to fulfill many of the responsibilities of being a managing conservator because of his incarceration. The court did not abuse its discretion. *See Gillespie*, 644 S.W.2d at 451.

Crowley also complains about Hinson's residence. He asserts that Hinson does not live at the Austin address used in the court filings, but rather resides outside Texas. Appellant points to no evidence in the record showing that Hinson lives at other than her Austin address and we find none. We overrule Crowley's seventh issue.

### *Property Division*

In his eighth issue, Crowley complains that the trial court divided the marital property unreasonably. The trial court has broad discretion and authority in its division of property in divorce suits and may divide the property as it deems just and right. Tex. Fam. Code Ann. § 7.001 (West 1998); *Jacobs*, 687 S.W.2d at 733. In reviewing the trial court's division of property, the appellate court reviews the record for an abuse of discretion. *Gutierrez v. Gutierrez*, 643 S.W.2d 786, 787 (Tex. App.—San Antonio 1982, no writ). The appellate court indulges every reasonable

9

presumption in favor of the proper exercise of discretion. *Castle v. Castle*, 734 S.W.2d 410, 413 (Tex. App.—Houston [1st Dist.] 1987, no writ).

The trial court awarded Crowley and Hinson all of the personal effects in their respective possession. Specifically, Hinson was awarded a personal computer and Crowley was awarded all of the household furniture, the stereo system, the pickup truck and the laser printer. Crowley has failed to show that the property division was arbitrary or unreasonable, or in any way an abuse of discretion. *See Jacobs*, 687 S.W.2d at 733.

## Conclusion

After reviewing Crowley's issues presented, we hold Crowley has not demonstrated that the trial court abused its discretion in any of its challenged rulings. Accordingly, we affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   December 4, 2003

10