02-10-171-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00171-CV

 

 


 
 
 Sandra Kay Dyer
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Haley Lee Dyer, Jr.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 355th
District Court OF Hood COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

          In
this divorce case, Appellant Sandra Kay Dyer (“Wife”) appeals the trial court’s
decree granting Appellee Haley Lee Dyer, Jr.’s (“Husband”) divorce petition. 
In one issue, Wife contends that the evidence is insufficient to support the
trial court’s decree granting the divorce.  We will affirm.

II.  Background

Husband filed for divorce on January 29,
2010.  In his petition, Husband claimed that the marriage had “become
insupportable because of discord or conflict of personalities between [Husband
and Wife] that destroys the legitimate ends of the marriage relationship and
prevents any reasonable expectation of reconciliation.”  On the same day that
Husband filed for divorce, he also filed an application for a protective order,
alleging that he feared for his safety because Wife had threatened him with
bodily injury; that because of Wife’s pain pill addiction, it was necessary for
him to keep his medications locked in a safe; and that Wife had taken his
medications, which were prescribed to treat pain associated with his terminal
cancer.  The application also stated that Wife “has a dominating personality
when under the influence of narcotics” and that he was “fearful of her.”  The
trial court granted the application for a protective order.

          The
trial court held the divorce hearing on May 13, 2010.  At the time of the
hearing, Husband was unavailable because he was hospitalized and in “the last stages”
of terminal cancer.[2] 
Wife moved for a continuance, which the trial court denied.  During the
hearing, Husband’s attorney called witnesses to testify regarding the marriage
and division of property.  Husband’s first witness, Michael Walker, testified
that he was Husband’s attorney-in-fact, agent, and good friend, and that he
possessed Husband’s power of attorney.  Over Wife’s hearsay objection, Walker
testified that Husband conveyed to him that because of the discord in the
marriage, there was no chance of reconciliation and that Husband was concerned
that if his divorce was not finalized before his impending death, his daughter
and Wife would “quibble . . . in any kind of probate matter” related
to division of property.  Husband’s second witness, Sally Powell, testified
that she was Husband’s friend and bookkeeper.  Powell testified that she had
personally seen Wife under the influence of something, that Wife had an ongoing
problem with this, and that Powell had to call 9-1-1 on occasion because of
it.  Powell also testified, without objection, about Husband’s wishes on how he
wanted the property divided between himself and his wife as part of their
divorce.

Husband
also called Wife to testify.  Wife testified that she was incarcerated at the
time of the divorce hearing because she had “received a DUI and two of
[Husband’s] pills were found in [her] car, his cancer pills.”  Wife said that
she received the DUI at a time when she was on parole after spending eleven
months incarcerated for a previous prescription fraud charge.  Wife stated that
she had a prescription drug problem throughout her marriage to Husband.  But Wife
denied ever having taken Husband’s pain pills.  She also testified that
although Husband routinely locked his pills in a safe, it was not because of
her or her prescription drug habit.  She admitted that she did not have the
combination to the safe.  And Wife testified that she did not want to get a
divorce from Husband.

          Husband
also introduced thirty exhibits into the record.  These exhibits included
property values and evidence regarding whether property was of the marriage or
separate property.  Husband also introduced his answers to interrogatories. 
One of his answers to interrogatories states that he does “allege that [Wife]
has physically and mentally abused me.”  The answer also stated that Wife
“would take my prescription drugs for herself to further her drug habit.  Then
she would become verbally abusive to me.  The abuse was ongoing and the dates
too many to state.  [Wife] has had counseling, rehab and other forms of
treatment to no avail.”  At the end of the divorce hearing, the trial court
granted the divorce.  This appeal followed.

III.  Discussion

In
her sole issue, Wife contends that the evidence is insufficient to support
dissolution of the marriage.  Wife’s argument is predicated on the trial court’s
allowing Walker, Husband’s attorney-in-fact, to testify to statements made to
him by Husband about discord in the marriage; thus, according to Wife, the
trial court should have sustained her hearsay objection to Walker’s testimony. 
Wife contends that without this testimony, there is insufficient evidence to
support the trial court’s decision to grant Husband’s petition for divorce. 
Husband counters that the trial court did not abuse its discretion by allowing
the testimony because the testimony specifically addresses Husband’s marriage. 
See Tex. R. Evid. 804(b)(3)(A) (stating hearsay exception for
unavailable witness allowing a “statement concerning the declarant’s own birth,
adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or
marriage, ancestry, or other similar fact of personal or family history even
though declarant had no means of acquiring personal knowledge of the matter
stated”).  Husband also argues that even without the complained-of testimony,
there is sufficient evidence in the record to support the trial court’s
judgment.

We
will assume without deciding that the trial court abused its discretion by
allowing Walker’s testimony over Wife’s hearsay objection.  See State v.
Hester, 470 S.E.2d 25, 28 (N.C. 1996) (concluding that identical catch-all
hearsay exception does not apply to events, activities, or emotional states
occurring within family relationships; rather, the exception “merely allows
testimony about the existence of a marriage or other personal relationship.”); see
also City of Brownsville v. Alvarado, 897 S.W.2d 750, 753–54 (Tex.
1995) (“A successful challenge to evidentiary rulings usually requires the
complaining party to show that the judgment turns on the particular evidence
excluded or admitted.”).

A.      Standard of Review

Whether
evidence is sufficient
to support a decree of divorce on
grounds of insupportability is a matter within the trial
court’s discretion.  In re Marriage of Scott,
117 S.W.3d 580, 582 (Tex. App.—Amarillo 2003, no pet.).  When the standard of
review on appeal is whether the trial court abused its discretion, legal and
factual sufficiency questions are factors to consider in
applying the standard, rather than independent grounds for review.  Yarbrough
v. Yarbrough, 151 S.W.3d 687, 690 (Tex. App.—Waco 2004, no pet.); Walston
v. Walston, 971 S.W.2d 687, 691 (Tex. App.—Waco 1998, pet. denied).  The
mere fact that a trial judge decides a matter within his discretionary authority
in a different manner than an appellate court would in a similar circumstance
does not demonstrate an abuse of discretion.  Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241–42 (Tex. 1985), cert. denied, 476 U.S.
1159 (1986).  As long as some evidence of a substantive and probative character
exists to support the trial court’s decision, there is no abuse of discretion. 
Granger v. Granger, 236 S.W.3d 852, 855–56 (Tex. App.—Tyler 2007, pet. denied).

Evidence
is legally sufficient when it enables reasonable and fair-minded people to
reach the trial court’s judgment under review.  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005).  In evaluating the evidence’s legal
sufficiency, we credit evidence that reasonably supports the trial court’s
judgment and disregard contrary evidence unless a reasonable factfinder could
not.  Kroger Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 793 (Tex. 2006)
(citing City of Keller, 168 S.W.3d at 827).  In determining whether the evidence is factually sufficient to
sustain a verdict, courts of appeals must weigh all the evidence, both for and
against the finding.  See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242
(Tex. 2001).

B.      Insupportable
Marriage

The insupportability ground of divorce is set out in section
6.001 of the family code.  Tex. Fam. Code Ann. § 6.001 (West 2006).  This
ground, also known as a no-fault divorce, has three elements.  See Cusack v. Cusack,
491 S.W.2d 714, 716 (Tex. Civ. App.—Corpus Christi 1973, writ dism'd)
(discussing previous codification as section 3.01 of the former family code).  They
are (1) that the marriage has become insupportable
because of discord or conflict, (2) that discord or conflict destroys the
legitimate ends of the marriage, and (3) that there
is no reasonable expectation of reconciliation.  Tex. Fam. Code Ann. § 6.001. 
The party petitioning for a divorce on these grounds has a duty to establish
the statutory elements with adequate evidence.  In re Marriage of Richards, 991 S.W.2d 32, 37
(Tex. App.—Amarillo 1999, pet. dism’d).

For
example, the Dallas Court of Appeals, in
reviewing the denial of a temporary injunction, held that a wife’s testimony
that her marriage was irreparable due to discord and a
conflict of personalities between her and her husband, together with her
testimony that there was no chance for reconciliation, established a prima
facie case for a no-fault divorce under section 6.001.  In re
Marriage of Beach, 97 S.W.3d 706, 708 (Tex. App.—Dallas 2003, no pet.).

Here,
Wife asserts that without Walker’s testimony about Husband’s desire for a
divorce, the remaining evidence does not create a record that reveals
sufficient facts upon which the trial court could have rationally exercised its
discretion.  See Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 938
(Tex. App.—Austin 1987, no writ) (discussing extensively the abuse of
discretion standard).  But in this case, even assuming the alleged
hearsay evidence should not have been considered, the trial court had
sufficient evidence upon which it could have concluded that the three elements of
the grounds for divorce based on insupportability were met.

The
remaining record contains evidence of Wife’s drug habits and of her having
stolen prescription drugs intended to ease the pain of Husband’s terminal
cancer.  There was evidence that Wife’s drug habits spanned the marriage, that
Wife was abusive to Husband, and that Husband locked his pain medications in a
safe in an effort to keep her from stealing them.  The record reveals that
after filing for divorce, Husband sought and acquired a protective order
against Wife.  The only evidence contrary to Husband’s petition for divorce was
Wife’s testimony that she never took Husband’s pain medications and that she
did not want a divorce.  But, as the trier of fact, the court was in a position
to observe the demeanor of Wife and assess the weight that should be given her
testimony.  See Warchol v. Warchol, 853 S.W.2d 165, 167–68 (Tex.
App.—Beaumont 1993, no writ) (“[T]he trial court is in the best position to
observe the demeanor and personalities of the witnesses and can ‘feel’ the
forces, powers and influences that cannot be discerned by merely reading the
record.”).  Based on this record, we cannot say that the trial court abused its
discretion by granting Husband’s request for a divorce.  See Cusack, 491
S.W.2d at 717.  We overrule Wife’s sole issue.

IV.  Conclusion

Having overruled Wife’s sole issue, we affirm
the trial court’s decree.

 

 

 

BILL MEIER
JUSTICE

 

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

 

DELIVERED: 
June 30, 2011









[1]See Tex. R. App. P. 47.4.





[2]Appellee’s brief states
that Husband is now deceased.  See Tex. R. App. P. 7.1(a)(1).