

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00473-CV

OSWALD MISIGARO                                            APPELLANT

V.

ANTOINETTE BASSOWOU                                        APPELLEE

----------

## FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Oswald Misigaro, an inmate appearing here pro se, appeals the trial court's order granting Appellee Antoinette Bassowou's petition for divorce. In six issues,[2] Misigaro contends that his due process rights under both the state

---

[1]*See* Tex. R. App. P. 47.4.

[2]After filing briefs on February 25, 2011, and April 1, 2011, containing six issues, Misigaro later filed an amended brief consolidating his previous issues

and federal constitutions were violated when the trial court conducted the final divorce hearing without his participation, despite the trial court's attempts to contact Misigaro for his participation in the hearing; that the evidence is insufficient to support the trial court's order granting the divorce; and that the trial court erred by distributing the community property unequally in Bassowou's favor.  We will affirm.

## II. BACKGROUND

The trial court held a hearing regarding Bassowou's petition for divorce on November 19, 2010.  As the hearing began, the trial court announced that it was ready to proceed; that Misigaro was an inmate who was currently incarcerated; and that per its previous order, it had granted Misigaro's request to participate in the hearing by telephone.  The trial court then called a number that Misigaro had provided to the trial court for his participation in the hearing.  The switchboard operator answered the phone call and asked, "[H]ow may I direct your call?"  The trial court informed the operator that it was attempting to speak with Misigaro so that he might participate in the hearing.  After the trial court identified itself to the operator, the operator informed the trial court that "this is kind of the first

into a single issue to "assist this Honorable Court with a better concise ground for relief."  But because Misigaro is proceeding pro se, and out of an abundance of judicial caution, this court will address all six issues that Misigaro addresses in his initial briefs to this court.  Misigaro's amended brief and consolidated issue address only his first three originally briefed issues.  Bassowou responded to only five of the six issues Misigaro briefed.

2

we're hearing about this."  The switchboard operator then transferred the phone call to a "Ms. Sanders," who also attempted to aid the court in contacting Misigaro.

Sanders stated that although she could not get Misigaro "out right now because, of course, we have - - you know, we have to have a certain amount of time to get him out.  We have to pull him out of his house and everything," she was willing to try to accommodate the court by getting Misigaro to the phone as quickly as she could.  The trial court informed Sanders that it would proceed without Misigaro.  The trial court also requested that the record reflect that it attempted to contact Misigaro for the hearing and that he was not available to participate in the hearing telephonically.  The trial court conducted the hearing and granted the divorce.  This appeal followed.

## III. DISCUSSION

### A.    Misigaro's Absence from Divorce Hearing

In his first, second, third, and sixth issues from his original briefing and his consolidated issue from his amended brief, Misigaro contends that his due process rights under both the state and federal constitutions were violated when the trial court conducted the divorce hearing without his participation.[3]

---

[3]In part of what he calls his "concise ground" in his amended brief, Misigaro alleges that he "was deprived of participation because notice was not procedurally served correctly by The Texas Department of Criminal Justice policy."  We construe this allegation contained within this single issue from his amended brief as a fragment of his right-to-be-heard due process complaint

3

Although an inmate does not have an automatic right to appear personally in court, he does not automatically lose the right to access the courts by virtue of being incarcerated. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *In re D.D.J.*, 136 S.W.3d 305, 311 (Tex. App.—Fort Worth 2004, no pet.). "The right of a prisoner to have access to the courts entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party." *D.D.J.*, 136 S.W.3d at 314 (quoting *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *disapproved of on other grounds by Z.L.T.*, 124 S.W.3d at 166). Thus, if a court determines that a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means. *See, e.g., Sweed v. City of El Paso*, 139 S.W.3d 450, 452 (Tex. App.—El Paso 2004, no pet.); *Boulden v. Boulden*, 133 S.W.3d 884, 886–87 (Tex. App.—Dallas 2004, no pet.); *D.D.J.*, 136 S.W.3d at 314. The responsibility to ensure that court-granted telephonic participation in a hearing occurs is on the inmate who requested the right to participate in the hearing. *See In re D.L.S.*, No. 02-10-00366-CV, 2011 WL 2989830, at *3 (Tex. App.—Fort Worth July 21,

found in his earlier briefing. But to the extent Misigaro might be complaining about notice as well as the right to be heard, the facts of this case belie any stance by Misigaro that he was not given notice. In his motion for continuance filed prior to the hearing, Misigaro states that he had been notified that the hearing would take place at 9:00 a.m. on November 19, 2010. Furthermore, Misigaro does not contest Bassowou's assertion that he was in fact served. *See* Tex. R. App. P. 38.1(g).

4

2011, no pet.) (mem. op.) (reasoning that after trial court granted telephonic participation in hearing regarding the termination of inmate's parental rights, responsibility of setting up telephone conference was on inmate). We review the trial court's determination to conduct a hearing without an inmate's participation under an abuse of discretion standard. *Nance v. Nance*, 904 S.W.2d 890, 892 (Tex. App.—Corpus Christi 1995, no writ); *Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex. App.—Texarkana 1994, writ denied). A trial court abuses its discretion only when the inmate has been effectively barred from presenting his case. *Armstrong*, 881 S.W.2d at 57.

In this case, the trial court denied Misigaro's request for a bench warrant. But on September 8, 2010, the trial court granted Misigaro's request to participate in the divorce hearing by telephone. On the date of the hearing—November 19, 2010—the trial court called the case and attempted to call Misigaro. The switchboard operator at the facility where Misigaro is incarcerated stated over the telephone that the court's call to them was "the first we're hearing about" Misigaro's desired participation in the hearing. Sanders advised they needed "a certain amount of time to get him out." Furthermore, the trial court stated on the record that it was using the information provided to it by Misigaro himself in its attempt to contact him for participation in the hearing. Given that it was Misigaro's responsibility to set up the telephone conference once the trial court had granted him the right to participate in the hearing through these means

and he failed to do so, we cannot conclude that he was effectively barred from presenting his case by the trial court's actions. We hold that the trial court did not abuse its discretion by conducting the hearing without Misigaro's participation after it had granted Misigaro's motion to participate telephonically and attempted to allow Misigaro's participation by calling the prison. We overrule Misigaro's first, second, third, and sixth issues from his original briefing, and his consolidated issue presented in his amended brief.

### B. Sufficiency of Evidence to Support Divorce

In his fourth issue, Misigaro contends that the evidence is insufficient to support the trial court's granting of divorce. Misigaro addresses only the sufficiency of the evidence regarding one ground moved on by Bassowou— whether he treated Bassowou cruelly during the marriage. But Bassowou also petitioned for divorce on the theory that the marriage had become insupportable.

The insupportability ground of divorce is set out in section 6.001 of the family code. This ground, also known as a no-fault divorce, has three elements. *Cusack v. Cusack*, 491 S.W.2d 714, 716–17 (Tex. Civ. App.—Corpus Christi 1973, writ dism'd) (discussing previous codification as section 3.01 of the former family code). They are: (1) that the marriage has become insupportable because of discord or conflict, (2) that discord or conflict destroys the legitimate ends of the marriage, and (3) that there is no reasonable expectation of reconciliation. Tex. Fam. Code Ann. § 6.001 (West 2006). The party petitioning

6

for a divorce on these grounds has a duty to establish the statutory elements with adequate evidence. *In re Marriage of Richards*, 991 S.W.2d 32, 37 (Tex. App.—Amarillo 1999, pet. dism'd).

Here, Bassowou specifically testified that (1) serious marital discord or conflict existed, (2) this conflict destroyed the legitimate ends of the marriage, and (3) there was no reasonable chance of reconciliation. Thus, there was ample evidence to support the trial court granting Bassowou's petition for divorce. *See In re Marriage of Beach*, 97 S.W.3d 706, 708 (Tex. App.—Dallas 2003, no pet.) (a wife's testimony that her marriage was irreparable due to discord and a conflict of personalities between her and her husband, together with her testimony that there was no chance for reconciliation, established a prima facie case for a no-fault divorce under section 6.001). We overrule Misigaro's fourth issue.

### C.    Division of Marital Property

In his fifth issue, Misigaro contends that the trial court erred when it divided the marital estate in an unequal manner. A trial court is required to divide the community estate in a manner that is just and right, having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001 (West 2006). Trial courts have broad discretion in dividing the community estate, and we presume a trial court has exercised its discretion properly. *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981). Therefore, absent an abuse of discretion, we will not disturb the

7

trial court's division of the community estate on appeal. *Id.* at 698. Although a trial court need not divide the community estate equally, a disproportionate division must be supported by some reasonable basis. *Ohendalski v. Ohendalski*, 203 S.W.3d 910, 914 (Tex. App.—Beaumont 2006, no pet.). "If there is some evidence of a substantive and probative character to support the decision, the trial court does not abuse its discretion if it orders an unequal division of the marital estate." *Id.* To prove an abuse of discretion, the complaining party must demonstrate from evidence in the record that the division was manifestly unjust or unfair. *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied).

Here, the record reflects that the trial court awarded Bassowou a favorable and unequal division of the marital property. The record reveals that the trial court had grounds to make an unequal property division based upon its award of custody of the parties' minor children to Bassowou. *See Vannerson v. Vannerson*, 857 S.W.2d 659, 669 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (the award of custody of any children is a factor that a court may consider in making a division of the marital estate); *see also O'Connor v. O'Connor*, 245 S.W.3d 511, 518 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (reasoning that trial court was justified in unequal division of property when party receiving larger share of division was responsible for care of children). Thus, Misigaro has failed to demonstrate from evidence in the record that the trial court

abused its discretion or that its division of the marital property was manifestly unjust or unfair. *Pletcher*, 9 S.W.3d at 446. We overrule Misigaro's fifth issue.

## IV. CONCLUSION

Having overruled all of Misigaro's issues on appeal, we affirm the trial court's order.

BILL MEIER
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

MCCOY, J. concurs without opinion.

DELIVERED: January 19, 2012