02-10-473-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00473-CV

 

 


 
 
 Oswald Misigaro
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Antoinette Bassowou
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 233rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Oswald Misigaro, an inmate appearing here pro se, appeals the trial
court’s order granting Appellee Antoinette Bassowou’s petition for divorce.  In
six issues,[2] Misigaro contends that
his due process rights under both the state and federal constitutions were
violated when the trial court conducted the final divorce hearing without his
participation, despite the trial court’s attempts to contact Misigaro for his
participation in the hearing; that the evidence is insufficient to support the
trial court’s order granting the divorce; and that the trial court erred by
distributing the community property unequally in Bassowou’s favor.  We will
affirm.

II.  Background

The
trial court held a hearing regarding Bassowou’s petition for divorce on
November 19, 2010.  As the hearing began, the trial court announced that it was
ready to proceed; that Misigaro was an inmate who was currently incarcerated; and
that per its previous order, it had granted Misigaro’s request to participate
in the hearing by telephone.  The trial court then called a number that
Misigaro had provided to the trial court for his participation in the hearing.  The
switchboard operator answered the phone call and asked, “[H]ow may I direct your
call?”  The trial court informed the operator that it was attempting to speak
with Misigaro so that he might participate in the hearing.  After the trial
court identified itself to the operator, the operator informed the trial court
that “this is kind of the first we’re hearing about this.”  The switchboard
operator then transferred the phone call to a “Ms. Sanders,” who also attempted
to aid the court in contacting Misigaro.

Sanders
stated that although she could not get Misigaro “out right now because, of
course, we have - - you know, we have to have a certain amount
of time to get him out.  We have to pull him out of his house and everything,”
she was willing to try to accommodate the court by getting Misigaro to the
phone as quickly as she could.  The trial court informed Sanders that it would
proceed without Misigaro.  The trial court also requested that the record
reflect that it attempted to contact Misigaro for the hearing and that he was
not available to participate in the hearing telephonically.  The trial court
conducted the hearing and granted the divorce.  This appeal followed.

III.  Discussion

A.      Misigaro’s
Absence from Divorce Hearing

In his
first, second, third, and sixth issues from his original briefing and his consolidated
issue from his amended brief, Misigaro contends that his due process rights
under both the state and federal constitutions were violated when the trial
court conducted the divorce hearing without his participation.[3]

Although
an inmate does not have an automatic right to appear personally in court, he
does not automatically lose the right to access the courts by virtue of being
incarcerated.  In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003); In re
D.D.J., 136 S.W.3d 305, 311 (Tex. App.—Fort Worth 2004, no pet.).  “The
right of a prisoner to have access to the courts entails not so much his
personal presence as the opportunity to present evidence or contradict the
evidence of the opposing party.”  D.D.J., 136 S.W.3d at 314 (quoting Dodd
v. Dodd, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), disapproved
of on other grounds by Z.L.T., 124 S.W.3d at 166).  Thus, if a court
determines that a pro se inmate in a civil action is not entitled to leave
prison to appear personally in court, the inmate should be allowed to proceed
by affidavit, deposition, telephone, or other means.  See, e.g., Sweed v.
City of El Paso, 139 S.W.3d 450, 452 (Tex. App.—El Paso 2004, no pet.); Boulden
v. Boulden, 133 S.W.3d 884, 886–87 (Tex. App.—Dallas 2004, no pet.); D.D.J.,
136 S.W.3d at 314.  The responsibility to ensure that court-granted telephonic
participation in a hearing occurs is on the inmate who requested the right to
participate in the hearing.  See In re D.L.S., No. 02-10-00366-CV,
2011 WL 2989830, at *3 (Tex. App.—Fort Worth July 21, 2011, no pet.) (mem. op.)
(reasoning that after trial court granted telephonic participation in hearing
regarding the termination of inmate’s parental rights, responsibility of
setting up telephone conference was on inmate).  We review the trial court’s
determination to conduct a hearing without an inmate’s participation under an
abuse of discretion standard.  Nance v. Nance, 904 S.W.2d 890, 892 (Tex.
App.—Corpus Christi 1995, no writ); Armstrong v. Randle, 881
S.W.2d 53, 57 (Tex. App.—Texarkana 1994, writ denied).  A trial court abuses
its discretion only when the inmate has been effectively barred from presenting
his case.  Armstrong, 881 S.W.2d at 57.

In
this case, the trial court denied Misigaro’s request for a bench warrant.  But
on September 8, 2010, the trial court granted Misigaro’s request to participate
in the divorce hearing by telephone.  On the date of the hearing—November 19,
2010—the trial court called the case and attempted to call Misigaro.  The
switchboard operator at the facility where Misigaro is incarcerated stated over
the telephone that the court’s call to them was “the first we’re hearing about”
Misigaro’s desired participation in the hearing.  Sanders advised they needed
“a certain amount of time to get him out.”  Furthermore, the trial court stated
on the record that it was using the information provided to it by Misigaro
himself in its attempt to contact him for participation in the hearing.  Given
that it was Misigaro’s responsibility to set up the telephone conference once
the trial court had granted him the right to participate in the hearing through
these means and he failed to do so, we cannot conclude that he was effectively
barred from presenting his case by the trial court’s actions.  We hold that the
trial court did not abuse its discretion by conducting the hearing without
Misigaro’s participation after it had granted Misigaro’s motion to participate
telephonically and attempted to allow Misigaro’s participation by calling the
prison.  We overrule Misigaro’s first, second, third, and sixth issues from his
original briefing, and his consolidated issue presented in his amended brief.

B.      Sufficiency
of Evidence to Support Divorce

In
his fourth issue, Misigaro contends that the evidence is insufficient to
support the trial court’s granting of divorce.  Misigaro addresses only the
sufficiency of the evidence regarding one ground moved on by Bassowou—whether
he treated Bassowou cruelly during the marriage.  But Bassowou also petitioned
for divorce on the theory that the marriage had become insupportable.

The
insupportability ground of divorce is set out in section 6.001 of the family code.
 This ground, also known as a no-fault divorce, has three elements.  Cusack
v. Cusack, 491 S.W.2d 714, 716–17 (Tex. Civ. App.—Corpus Christi 1973, writ
dism’d) (discussing previous codification as section 3.01 of the former family
code).  They are:  (1) that the marriage has become insupportable because
of discord or conflict, (2) that discord or conflict destroys the
legitimate ends of the marriage, and (3) that there is no reasonable
expectation of reconciliation.  Tex. Fam. Code Ann. § 6.001 (West 2006). 
The party petitioning for a divorce on these grounds has a duty to establish
the statutory elements with adequate evidence.  In re Marriage of
Richards, 991 S.W.2d 32, 37 (Tex. App.—Amarillo 1999, pet. dism’d).

Here,
Bassowou specifically testified that (1) serious marital discord or
conflict existed, (2) this conflict destroyed the legitimate ends of the
marriage, and (3) there was no reasonable chance of reconciliation.  Thus,
there was ample evidence to support the trial court granting Bassowou’s
petition for divorce.  See In re Marriage of Beach, 97 S.W.3d 706,
708 (Tex. App.—Dallas 2003, no pet.) (a wife’s testimony that her marriage was
irreparable due to discord and a conflict of personalities between her and her
husband, together with her testimony that there was no chance for
reconciliation, established a prima facie case for a no-fault divorce
under section 6.001).  We overrule Misigaro’s fourth issue.

C.      Division
of Marital Property

In
his fifth issue, Misigaro contends that the trial court erred when it divided
the marital estate in an unequal manner.  A trial court is required to divide
the community estate in a manner that is just and right, having due regard for the
rights of each party.  Tex. Fam. Code Ann. § 7.001 (West 2006).  Trial
courts have broad discretion in dividing the community estate, and we presume a
trial court has exercised its discretion properly.  Murff v. Murff, 615
S.W.2d 696, 698–99 (Tex. 1981).  Therefore, absent an abuse of discretion, we
will not disturb the trial court’s division of the community estate on appeal. 
Id. at 698.  Although a trial court need not divide the community estate
equally, a disproportionate division must be supported by some reasonable
basis.  Ohendalski v. Ohendalski, 203 S.W.3d 910, 914 (Tex.
App.—Beaumont 2006, no pet.).  “If there is some evidence of a substantive and
probative character to support the decision, the trial court does not abuse its
discretion if it orders an unequal division of the marital estate.”  Id. 
To prove an abuse of discretion, the complaining party must demonstrate from
evidence in the record that the division was manifestly unjust or unfair.  Pletcher
v. Goetz, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied).

Here,
the record reflects that the trial court awarded Bassowou a favorable and
unequal division of the marital property.  The record reveals that the trial
court had grounds to make an unequal property division based upon its award of
custody of the parties’ minor children to Bassowou.  See Vannerson v.
Vannerson, 857 S.W.2d 659, 669 (Tex. App.—Houston [1st Dist.] 1993, writ
denied) (the award of custody of any children is a factor that a court may
consider in making a division of the marital estate); see also O’Connor v.
O’Connor, 245 S.W.3d 511, 518 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(reasoning that trial court was justified in unequal division of property when
party receiving larger share of division was responsible for care of
children).  Thus, Misigaro has failed to demonstrate from evidence in the
record that the trial court abused its discretion or that its division of the
marital property was manifestly unjust or unfair.  Pletcher, 9 S.W.3d at
446.  We overrule Misigaro’s fifth issue.

IV.  Conclusion

Having overruled all of Misigaro’s issues on
appeal, we affirm the trial court’s order.

 

 

BILL MEIER
JUSTICE

 

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

 

MCCOY, J. concurs without opinion.

 

DELIVERED: 
January 19, 2012









[1]See Tex. R. App. P. 47.4.





[2]After filing briefs on
February 25, 2011, and April 1, 2011, containing six issues, Misigaro later
filed an amended brief consolidating his previous issues into a single issue to
“assist this Honorable Court with a better concise ground for relief.”  But
because Misigaro is proceeding pro se, and out of an abundance of judicial
caution, this court will address all six issues that Misigaro addresses in his
initial briefs to this court.  Misigaro’s amended brief and consolidated issue
address only his first three originally briefed issues.  Bassowou responded to
only five of the six issues Misigaro briefed.





[3]In part of what he calls
his “concise ground” in his amended brief, Misigaro alleges that he “was
deprived of participation because notice was not procedurally served correctly
by The Texas Department of Criminal Justice policy.”  We construe this
allegation contained within this single issue from his amended brief as a
fragment of his right-to-be-heard due process complaint found in his earlier
briefing.  But to the extent Misigaro might be complaining about notice as well
as the right to be heard, the facts of this case belie any stance by Misigaro
that he was not given notice.  In his motion for continuance filed prior to the
hearing, Misigaro states that he had been notified that the hearing would take
place at 9:00 a.m. on November 19, 2010.  Furthermore, Misigaro does not
contest Bassowou’s assertion that he was in fact served.  See Tex. R.
App. P. 38.1(g).