Russell Burke EUBANKS, Appellant,

v.

Teresa Elaine EUBANKS, Appellee.

No. A14–94–00004–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 22, 1994.

Ellen E. Grimes, Houston, for appellant.

Edward E. Lindsay, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

Russell Burke Eubanks appeals from a judgment for child support arrearage. Appellant raises three points of error. We reverse and remand.

Appellant and appellee were divorced by decree entered on September 9, 1987. Appellee subsequently filed a Second Amended Motion for Enforcement for Failure to Pay Child Support, contending that appellant was in arrears and requested judgment, imposition of wage withholding, and attorney fees. After a hearing, the trial court awarded judgment to appellee, finding appellant owed appellee $25,944.64 in child support, imposed wage withholding, and awarded appellee $2,795.86 in attorney fees.

■ In his first point of error, appellant claims there is no evidence, or insufficient evidence, to support the judgment because appellant's answers to interrogatories were never admitted into evidence. These answers were offered, but never actually admitted. Appellee's counsel did read the answers into the record, but appellant contends that this is insufficient. In support of his argument, appellant cites case law requiring admission of interrogatory answers before such evidence can be considered in support of the judgment. *See, e.g., Sammons Enterprise, Inc. v. Manley,* 540 S.W.2d 751, 757 (Tex.Civ. App.—Texarkana 1976, writ ref'd n.r.e.).

The cases cited by appellant, however, do not indicate that the answers to interrogatories were read into the record. Here, counsel for appellee and for appellant read portions of the answers to interrogatories into the record. In fact, this comprises almost the entire statement of facts from the hear-

182

ing. Once the answers were read into the record, they became testimonial evidence.

■ In reviewing a "no evidence" point, we must consider only the evidence and inferences tending to support the trial court's findings, disregarding all contrary evidence and inferences. *Southern States Transportation, Inc. v. State*, 774 S.W.2d 639, 640 (Tex.1989). If any evidence of probative force supports the findings, we must overrule the point of error. *Id.* In reviewing a challenge to the factual sufficiency of the evidence, we must examine all of the evidence. *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). Having done so, we may set aside the verdict only if the evidence standing alone is so weak as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

The Family Code provides for a judgment for child support arrearages as follows:

(a) Judgment for Arrearages. A periodic child support payment not timely made shall constitute a final judgment for the amount due and owing, including interest as provided by Section 14.34 of this code. On the motion of an obligee or obligor, after notice and hearing, the court shall confirm the amount of child support in arrears and shall render one cumulative judgment against an obligor for all child support unpaid and owing, including interest as provided by Section 14.34 of this code, and any balance owed on previously confirmed arrearages, lump sum, or retroactive support judgments.

Tex.Fam.Code Ann. § 14.41(a) (Vernon Supp. 1994). Thus, the trial court "acts as a mere scrivener" in tallying up the amount of arrearage. *Lewis v. Lewis*, 853 S.W.2d 850, 854 (Tex.App.—Houston [14th Dist.] 1993, no writ). Because the answers to interrogatories regarding appellant's income were read into the record, there is evidence of probative force supporting the trial court's judgment. We overrule point of error one.

In point of error two, appellant contends the trial court erred in awarding a judgment for child support arrearage based upon an underlying decree which was vague, ambiguous, indefinite and uncertain in its terms. In

support of this point, appellant cites case law holding that an ambiguous, indefinite order or decree will not support a judgment for child support arrearages. *See, e.g., Templet v. Templet*, 728 S.W.2d 844, 847 (Tex.App.—Beaumont 1987, no writ). Appellant contends the provisions regarding child support in the decree are vague and ambiguous because they reference "income" which may be interpreted to mean gross income or net income.

Point of error three raises a related issue. In that point of error, appellant claims the trial court erred by impliedly clarifying the Divorce Decree in a substantive manner. Section 11.22 permits clarification of a decree but no substantive changes. Tex.Fam.Code Ann. § 11.22(a), (c) (Vernon Supp.1994) (although this section was enacted in 1989, it applies to judgments or decrees rendered before that date). The underlying decree contains the following provisions regarding child support:

IT IS DECREED that Russell Burke Eubanks pay to Teresa Elaine Eubanks for child support the amount of $300.00 per month, one-half payable on the 1st and 15th of each month, plus twenty percent (20%) of all income earned by him over $12,000.00 per year, payable within ten (10) days of his receipt of such income until the day that Aubrea Leah Eubanks graduates from high school or reaches 18 years of age, whichever comes later.

THEREAFTER, Russell Burke Eubanks shall pay to Teresa Elaine Eubanks for child support the amount of $150.00 per month, one-half payable on the 1st and 15th of each month, plus twenty percent (20%) of all income earned by him over $12,000.00 per year, payable within ten (10) days of his receipt of such income until the day that Elizabeth Elaine Eubanks graduates from high school or reaches 18 years of age whichever comes later.

THEREAFTER, Russell Burke Eubanks shall pay to Teresa Elaine Eubanks for child support the amount of $200.00 per month, one-half payable on the 1st and 15th of each month, plus twenty percent (20%) of all income earned by him over

$12,000.00 per year, payable within ten (10) days of his receipt of such commissions until the day that Buddie Grace Eubanks graduates from high school or reaches 18 years of age, whichever comes later.

At the time the decree was rendered, the Family Code provided that every decree ordering periodic payments of child support "shall order that income be withheld from the disposable earnings of the obligor ...," except for good cause shown. TEX.FAM.CODE ANN. § 14.05(e) (Vernon 1986 & Vernon Supp.1994). "Disposable earnings" are those earnings remaining after the deduction of "any amounts required by law to be withheld, union dues, nondiscretionary retirement contributions, and medical, hospitalization, and disability insurance coverage for the obligor and his or her children." TEX.FAM.CODE ANN. § 14.30(a)(2) (Vernon 1986).

 The trial court's Findings of Fact and Conclusions of Law reveal that the trial court based its award of past due child support on the evidence presented of appellant's gross income for the years 1988–93 based on appellant's answers to interrogatories. We agree with appellant that the trial court erred in calculating arrearages based on appellant's gross income. Based on the statutory provisions governing child support orders, the trial court was required to calculate the amount of overdue child support based on appellant's disposable earnings. Therefore, we do not find the underlying decree vague. We overrule point of error two. However, we do find that the trial court erred in its calculations of the amount due. Therefore, we sustain point of error three to the extent it challenges the trial court's calculations.

We reverse the judgment and remand the cause to the trial court for further proceedings in accordance with this opinion.

J. CURTISS BROWN, C.J., not participating.