## In the Matter of the MARRIAGE OF Donald Ray RICHARDS and Teresa Jean Richards.

### No. 07–98–0038–CV

Court of Appeals of Texas, Amarillo.

Feb. 19, 1999.

David Moody, Lubbock, for appellant.

Floyd Holder Law Firm, Mark E. Fesmire, Lubbock, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

JOHN T. BOYD, Chief Justice.

In this divorce case, appellant Teresa Jean Richards (Teresa), challenges a decree of divorce terminating her marriage to appellee, Donald Ray Richards (Donald). In support of that challenge, she raises four issues for our consideration: whether the trial court erred in 1) denying her special exceptions; 2) denying her request for a jury trial; 3) denying her

motion for a directed verdict; and 4) whether there was legally sufficient evidence to support the court's decree. Finding no reversible error in the trial court's judgment, we affirm the judgment of the trial court.

The parties were married in February of 1968. They separated in January of 1997, and Donald filed a petition for divorce on April 16, 1997. The grounds asserted in Donald's petition tracked the language of section 6.001 of the Family Code entitled "Insupportability." That statute provides:

> On the petition of either party to a marriage, the court may grant a divorce without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation.

Tex. Fam.Code Ann. § 6.001 (Vernon 1998).[1] Teresa's answer included a special exception to that portion of Donald's petition alleging grounds for the divorce. She alleged that the grounds alleged were merely legal conclusions and failed to give her "adequate notice of the facts upon which the petitioner bases his claim in order to give [her] information sufficient to enable her to prepare a defense." The trial court denied the special exception with the comment that "there is no defense to no fault divorce."

In early October of 1997, the parties participated in mediation which resulted in an agreement as to all property issues. Teresa then served several discovery requests on Donald, including requests for production, written interrogatories and requests for admissions primarily seeking specific events of conflict or discord. Donald objected to most of the discovery requests and each of the requests seeking specific acts of conflict or discord. Howev-

---

1. On the date Donald filed his petition, the governing statute was former section 3.001 of the Family Code, containing virtually identi-cal language to present section 6.001, which became effective April 17, 1997.

er, Teresa did not request a hearing on these objections.

On December 19, 1997, Teresa made a written request for a jury trial and tendered the required fees. Donald filed a response in which he contended that there were "no material issues of fact to be determined in this cause. The court has already ruled against [Teresa's] grounds claims and the parties have agreed to a division of assets and liabilities." Stating that Teresa's pleadings were filed "with the intention of preventing the divorce," Donald moved for sanctions under Rule 13 of the Rules of Civil Procedure. At a subsequent hearing, the trial court denied the jury request, but declined to rule on the motion for sanctions.

On final hearing of the matter, over Teresa's objection, Donald testified that the marriage had become insupportable due to conflict and discord and that there was no reasonable expectation of reconciliation. He also testified to the terms of the agreed property division. When Donald rested his case, Teresa moved for directed verdict, which was denied. Teresa declined to present any evidence and the trial court rendered its decree of divorce and approved the agreed property division. It signed the final decree January 23, 1998, thus prompting this appeal.

■ Teresa's first issue challenges the trial court's denial of her special exception. She argues this denial was error because it denied her the opportunity to obtain a statement of the facts upon which the pleading was based and to test "the legal and factual sufficiency" of that pleading, and denied her the opportunity to adequately prepare her defense.

Texas Rules of Civil Procedure 45 and 47 set out the requisites of a plaintiff's petition. Rule 45(b) states that pleadings shall:

consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole.

Tex.R. Civ. P. 45(b). Rule 47 specifically applies to pleas seeking affirmative relief. It requires that such pleas shall contain a short statement of the cause of action sufficient to give fair notice of the claim involved. Tex.R. Civ. P. 47(a). The test whether the requisite fair notice has been given has been described as whether an opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and basic issues of the controversy and the testimony probably relevant. *State Fidelity Mortgage Company v. Varner*, 740 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1987, writ denied).

■ The legislature has elaborated on the requisites of a petition seeking the dissolution of a marriage. It has done this by enacting section 6.402 of the Family Code. That statute provides:

(a) A petition in a suit for dissolution of a marriage is sufficient without the necessity of specifying the underlying evidentiary facts if the petition alleges the grounds relied on substantially in the language of the statute.

(b) Allegations of grounds for relief, matters of defense, or facts relied on for a temporary order that are stated in short and plain terms are not subject to special exceptions because of form or sufficiency.

(c) The court shall strike an allegation of evidentiary fact from the pleadings on the motion of a party or on the court's own motion.

Tex. Fam.Code Ann. § 6.402 (Vernon 1998). Measured against the dictates of this statute, the trial court's action was clearly proper. Teresa's challenge is, as it must be, to the constitutionality of the

statute.[2] The purpose of special exceptions is to inform the opposing party of a defect in its pleadings, typically a failure to state a cause of action, so that the party may cure the defect by amendment. *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied); *Cedar Crest Funeral Home, Inc. v. Lashley,* 889 S.W.2d 325, 331 (Tex.App.—Dallas 1993, no writ). Section 6.402 merely establishes a pleading which tracks the language of a statutory ground of divorce as sufficient to state a cause of action.

The thrust of Teresa's argument is that the statute denies her a "legal and factual test of the petitioner's pleadings before trial, [therefore] the respondent is denied 'honest and fair adjudication' of her defense that the petitioner's facts do not support his allegations." Her primary authority in support of this contention is the 1848 case of *Wright v. Wright,* 3 Tex. 168 (1848). There the court stated that the "defendant is entitled to have the judgment of the court whether the facts charged in the petition constitute offenses in law, before he can be compelled to proceed to trial on these facts." *Id.* at 181–82. That right, however, arose out of the governing statute which required petitions to contain a "full and clear statement of the cause of action [which] must embrace the material facts upon which the complaint is founded." *Id.* at 180. It is difficult to conceive how a right granted by a statute enacted over 150 years ago can render a subsequent statute on the same matter unconstitutional. The connection is even more remote when one considers that our present constitution was adopted 28 years after the decision in *Wright.*

Not only has the statutory scheme on which the right for a pretrial test of the sufficiency of the pleadings and the Texas constitution been changed, current civil practice also provides for both extensive discovery and summary judgments. *See* Tex.R. Civ. P. 166b–169 (discovery), 166a (summary judgment). Other than her misplaced reliance on *Wright,* Teresa presents no argument showing that she could not obtain the facts necessary for her defense through discovery, or that summary judgment did not provide an adequate method to avoid the burdens of trial if the facts did not support the action asserted. Because these procedures were available to her, section 6.402 of the Family Code neither denies her access to the courts of this state or deprives her of equal protection of the laws. We overrule Teresa's first issue.

■ Teresa next challenges the trial court's denial of her jury request. We initially note section 6.703 of the Family Code expressly provides that in a suit of this type, "either party may demand a jury trial." This provision is required by virtue of the right to trial by jury conferred by Article I, Section 15 of our constitution. *See Goetz v. Goetz,* 534 S.W.2d 716, 718 (Tex.Civ.App.—Dallas 1976, no writ) (holding Art. I, § 15 applicable to divorce actions). The only constitutional limitations on this right in cases of this type are that the party demand a trial by jury and pay the required fee. Tex. Const. Art. V, § 10. Teresa fulfilled both of these requirements.

■ The cases discussing the question recognize two rules applicable here. First, that when the jury's verdict is merely advisory, as in issues of property division, child support, or possession, there is no right to a jury trial. *Martin v. Martin,* 776 S.W.2d 572, 574 (Tex.1989) (conservatorship of child; *see also* § 105.002 of the Family Code); *Cockerham v. Cockerham,* 527 S.W.2d 162, 173 (Tex.1975) (property

---

**2.** Because this constitutional challenge was not brought under the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem.Code §§ 37.001–.010 (Vernon 1997), Teresa was not required to serve a copy of her pleadings on the State Attorney General pursuant to section 37.006 of that act. *Alexander Ranch v. Central Appraisal Dist.,* 733 S.W.2d 303, 305 (Tex.App.—Eastland 1987, writ ref'd n.r.e.), *cert. denied,* 486 U.S. 1026, 108 S.Ct. 2005, 100 L.Ed.2d 236 (1988).

division). Second, that error in denying a properly requested jury can be harmless if no material issues of fact exist and an instructed verdict would have been justified. *Grossnickle v. Grossnickle,* 865 S.W.2d 211, 212 (Tex.App.—Texarkana 1993, no writ); *Phillips v. Latham,* 551 S.W.2d 103, 105 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.). Donald does not argue that a jury's verdict on divorce would be advisory. It is his position that under the statute, there were no questions of material fact for resolution by the jury. We disagree.

Donald argues that at the time of Teresa's jury request, "the trial court had already ruled on, the facts and issues [she] sought to litigate." He provides no record reference for that ruling. Elsewhere in his brief, however, he argues that the trial court's denial of Teresa's special exception was also a ruling on "the issues underlying that claim." This argument is apparently based on the trial court's statement when denying Teresa's special exception that "there is no defense to no fault divorce." Donald has not cited, and our research has failed to reveal, any support for that proposition.

We begin with the language of the governing statute. The insupportability ground of divorce is set out in section 6.001 of the Family Code. This ground, also known as no-fault divorce,*Cusack v. Cusack,* 491 S.W.2d 714, 716 (Tex.Civ.App.— Corpus Christi 1973, writ dism'd w.o.j.) (discussing previous codification as section 3.001 of the former Family Code), has three elements. They are 1) that the marriage has become insupportable because of discord or conflict, 2) that discord or conflict destroys the legitimate ends of the marriage, and 3) there is no reasonable expectation of reconciliation. Tex. Fam. Code Ann. § 6.001 (Vernon 1998). There is nothing in the language of the statute to support the conclusion that these are not questions of fact. This conclusion is supported by the statute's application in *Cusack.*

In *Cusack,* the court stated: "[w]e concluded that it was the intent of the Legislature to make a decree of divorce mandatory when a party to the marriage alleges insupportability *and the conditions of the statute are met,* regardless of who is at fault." *Cusack,* 491 S.W.2d at 717 (emphasis added). This statement supports the conclusion that a petitioner's allegation of insupportabilty is not enough, they must also establish the other conditions of the statute are met, *i.e.,* that there is discord or conflict, that it destroys the legitimate ends of the marriage, and that there is no reasonable expectation of reconciliation. The court also noted, "[t]he courts have no right or prerogative to add to or take from such a legislative enactment, or to construe it in such a way as to make it meaningless." *Id.* To remove any doubt as to the factual nature of those elements, the court concluded: "[a]s we view the [Family] Code, when insupportability is relied on as a ground for divorce by the complaining spouse, *if that ground is established by the evidence,* a divorce must be granted." *Id.* (emphasis added). *See also Baxla v. Baxla,* 522 S.W.2d 736, 739 (Tex.Civ.App.— Dallas 1975, no writ).

■ Even assuming, arguendo, that the trial court's statement that there is "no defense" to a petition for divorce on the ground of insupportability were a correct statement of the law, that would not relieve the petitioner of his duty to establish the statutory elements with adequate evidence. Any attempt to determine those factual issues without giving Teresa an opportunity to respond would violate due process. *See Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 410 (Tex.1997). If Donald sought to avoid the burdens of trial, our rules provide for summary judgment motions. *See* Tex.R. Civ. P. 166a. His petition and affidavit cannot be deemed to be a motion for summary judgment. While the adoption of "no-fault" divorce dispenses with any burden to establish the source of the conflict rendering the marriage insupportable, it does

not relieve the petitioner of the burden to establish the existence of the statutory elements. *Cusack,* 491 S.W.2d at 717. Therefore, at the time of Teresa's jury demand, there were questions of material fact to be resolved and it was error to deny her request.

However, this holding does not end our inquiry. For an error to require reversal of the trial court's judgment, we must conclude that it either probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court. Tex.R.App. P. 44.1(a). That determination requires a review of the entire record. *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990). As noted above, Donald testified that the marriage had become insupportable due to conflict which destroyed the legitimate ends of the marriage. He also testified that there was no reasonable expectation of reconciliation. Even without stating the specific events on which his testimony was based, the testimony was evidence establishing the elements of insupportability. Because Teresa chose not to introduce controverting evidence, the only evidence before the trial court established the elements of the statute. Where the only evidence before the factfinder supports but one conclusion, and there is no contrary evidence, an instructed verdict is proper. *Szczepanik v. First Southern Trust Co.,* 883 S.W.2d 648, 649 (Tex.1994). Because an instructed verdict would have been proper at the conclusion of the final hearing, any error in denial of a jury trial was rendered harmless. *Grossnickle,* at 212. We overrule Teresa's second point.

Teresa's third point assigns error to the trial court's denial of her motion for directed verdict. Parenthetically, because trial was to the court and not a jury, the proper motion would be a motion for judgment. *Qantel Business Systems, Inc. v. Custom Controls Co.,* 761 S.W.2d 302 (Tex.1988). For our purposes, the primary distinction is that when a motion for judgment is granted, we must review the factual sufficiency of the non-moving party's evidence. *Id.* at 304. In support of this point, Teresa argues that the trial court should have sustained her objection to Donald's testimony supporting the grounds of his petition. This objection was based on Donald's objections to her interrogatories concerning the factual basis of the grounds for divorce. Teresa contends that Donald's objections were admissions that he had no admissible evidence on the issue of insupportability. This is not correct.

We initially note the rule that answers to interrogatories do not have the effect of answers to requests for admissions. *Standard Fire Ins. Co. v. Ratcliff,* 537 S.W.2d 355, 359 (Tex.Civ.App.—Waco 1976, no writ). They can be evidence if admitted or read into the record. *Eubanks v. Eubanks,* 892 S.W.2d 181, 181–82 (Tex.App.—Houston [14th Dist.] 1994, no writ). Here, however, there were no answers, only objections on which Teresa did not obtain rulings. An objection to a discovery request may not be treated as an admission that there is no evidence on that matter. Here, Donald's objections were based on relevance. As the court noted in overruling Teresa's trial objection, relevance was a legal question for the court and in making that determination, it was not bound by Donald's discovery objection. We overrule Teresa's third point.

Teresa's fourth and final point is also based on Donald's objections to her interrogatories, and is overruled for the same reasons as her third point. Finding no reversible error in the trial court's judgment, we affirm that judgment.