

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00787-CV

Leticia R. **ALVAREZ**,
Appellant

v.

Reymundo **ALVAREZ**,
Appellee

From the County Court at Law, Starr County, Texas
Trial Court No. CC-12-340
Honorable Romero Molina, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  April 29, 2015

REVERSED AND REMANDED

Appellant Leticia R. Alvarez ("Wife") appeals from a final decree of divorce. Wife contends the trial court erred in rendering a judgment of divorce because the evidence is insufficient to support a number of issues, including the alleged ground of insupportability. Because the trial court abused its discretion in granting the divorce on the ground of insupportability, we reverse the judgment and remand the matter for new trial.

## BACKGROUND

Appellee Reymundo Alvarez ("Husband") and Wife were married in 1991 and are the parents of two minor children. In October 2012, Husband filed suit for divorce on the ground of insupportability, and Wife filed a general denial. In June 2013, Husband filed an amended petition for divorce, and the trial court set the matter for trial. Shortly thereafter, the parties agreed to reset the matter and entered a Rule 11 agreement reflecting their agreement to a new trial date. Pursuant to the parties' agreement, the trial court reset the matter. However, Wife failed to appear on the agreed date. In her absence, the trial court heard evidence from Husband, who testified he and Wife were not living together as of 2012, and he was seeking a divorce. After the trial, the trial court rendered a decree of divorce on the ground of insupportability. Neither party requested findings of fact and conclusions of law. Thereafter, Wife filed a motion for new trial, which was denied. Wife then perfected this appeal.

## ANALYSIS

In six issues, Wife asserts the trial court erred in rendering a judgment of divorce. Specifically, Wife contends the trial court abused its discretion because the evidence is insufficient: (1) to establish Husband met the residency requirements; (2) to prove the statutory elements of insupportability; (3) to support the division of the community estate; and (4) to support the award of child support and medical support. Wife further contends the trial court abused its discretion in failing to reset the trial in accordance with the parties' Rule 11 agreement, and the trial court erred in denying her motion for new trial.

### *Standard of Review*

We evaluate most appealable issues in family law cases, including the issues raised in this case, under an abuse of discretion standard. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.); *see Rivas v. Rivas*, 452 S.W.3d 49, 54 (Tex. App.—El Paso 2014, no pet.)

(indicating family law issues such as property division, conservatorship, visitation or child support are reviewed under an abuse of discretion standard); *Grayson v. Grayson*, 103 S.W.3d 559, 561 (Tex. App.—San Antonio 2003, no pet.) (same). A trial court abuses its discretion, so as to require reversal, when it acts arbitrarily or unreasonably without reference to any guiding rules or principles. *A.B.P.*, 291 S.W.3d at 95. In the family law context, insufficiency of the evidence does not constitute an independent ground for reversal error; rather, a claim that the evidence is insufficient to support the judgment is merely a relevant factor in determining whether the trial court abused its discretion. *Id.*; *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.) Accordingly, in determining whether a trial court abused its discretion, we consider whether the trial court (i) had sufficient evidence upon which to exercise its discretion, and (ii) erred in its exercise of that discretion. *A.B.P.*, 291 S.W.3d at 95; *Grayson*, 103 S.W.3d at 561.

### *Application*

In her second issue, Wife contends the trial court erred in rendering a judgment of divorce on the ground of insupportability because the evidence is insufficient. According to Wife, Husband alleged insupportability as the sole ground for divorce, but failed to provide any evidence to support the statutory elements of insupportability. We agree.

A trial court may render a judgment of divorce only on statutory grounds. *Dzierwa v. Cerda*, No. 04-13-00407-CV, 2014 WL 3843950, at *4 (Tex. App.—San Antonio Aug. 6, 2014, no pet.) (mem. op.) (citing *In re Marriage of Richards*, 991 S.W.2d 32, 37–38 (Tex. App.—Amarillo 1999, pet. dism'd); *Cusack v. Cusack*, 491 S.W.2d 714, 717 (Tex. Civ. App.—Corpus Christi 1973, writ dism'd)). Section 6.001 of the Texas Family Code sets out the elements for insupportability, a ground for divorce. *See* TEX. FAM. CODE ANN. § 6.001 (West 2006). The ground of insupportability, which is commonly referred to as a no-fault divorce, contains three elements: (1) the marriage has become insupportable because of discord or conflict; (2) discord or

conflict destroys the legitimate ends of the marriage; and (3) there is no reasonable expectation of reconciliation. *Richards*, 991 S.W.2d at 37. A party petitioning for a divorce on this ground possesses a duty to establish the statutory elements of insupportability with adequate evidence. *Id*. ("[W]hile the adoption of 'no-fault' divorce dispenses with any burden to establish the source of the conflict rendering the marriage insupportable, it does not relieve the petitioner of the burden to establish the existence of the statutory elements."); *see also Phillips v. Phillips*, 75 S.W.3d 564, 576 (Tex. App.—Beaumont 2002, no pet.) (finding that it was legislature's intent to make decree of no-fault divorce mandatory if party alleges insupportability and establishes statutory elements).

In his original petition for divorce, Husband alleged a single ground for divorce: "The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation." This language tracks the language of section 6.001 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 6.001.

Although we recognize the propriety of no-fault divorce, i.e. a divorce based on insupportability, Texas courts uniformly recognize that the conditions of the statute must be met to grant a divorce on that ground. *See Richards*, 991 S.W.2d at 37 ("[A] petitioner's allegation of insupportability is not enough, they must also establish the other conditions of the statute are met, *i.e.,* that there is discord or conflict, that it destroys the legitimate ends of the marriage, and that there is no reasonable expectation of reconciliation."); *Cusack*, 491 S.W.2d at 717 (specifying that it is incumbent upon petitioning spouse to establish by evidence state of insupportability regardless of fault). For example, the Dallas Court of Appeals, in reviewing the sufficiency of the evidence to support a judgment of divorce on the ground of insupportability, held that a spouse's testimony that the marriage was insupportable due to discord and conflict of personalities in combination with other testimony that there was no chance for reconciliation established sufficient evidence for

a divorce under section 6.001. *In re Marriage of Beach*, 97 S.W.3d 706, 708 (Tex. App.—Dallas 2003, no pet.); *see also Misigaro v. Bassowou*, No. 02-10-00473-CV, 2012 WL 171110, at *2 (Tex. App.—Fort Worth Jan. 19. 2012, no pet.) (mem. op.) (holding that petitioner's testimony as to each element of insupportability was ample evidence to support granting of divorce on that ground). Moreover, the Waco Court of Appeals previously held a spouse's one word responses to his or her attorney's questions regarding the statutory elements of insupportability is sufficient evidence to support a trial court's finding of insupportability. *In re Marriage of Wellington*, No. 10-07-00181-CV, 2008 WL 3971763, at *2 (Tex. App—Waco Aug. 27, 2008, no pet.) (mem. op.). Additionally, in *Dzierwa v. Cerda*, this court recently noted a petitioner's duty to establish the statutory elements of insupportability to support the rendition of a no-fault divorce. 2014 WL 3843950 at *4 n.2.

In this case, a review of the record shows Husband did not provide any testimony or other evidence to establish the existence of the statutory elements of insupportability. Husband merely testified that he and Wife were presently married and ceased living together on or about August 2012. Given that a couple may live apart for a number of reasons, we hold such evidence alone is insufficient to establish the existence of insupportability. As a result, Husband did not meet his burden to prove insupportability. *See Richards*, 991 S.W.2d at 37. We therefore hold the trial court abused its discretion in rendering a divorce. *See A.B.P.*, 291 S.W.3d at 95; *Grayson*, 103 S.W.3d at 561. Given our disposition on Wife's second issue, and the fact that the remainder of the trial court's decree is dependent on the existence of a divorce on a valid statutory ground, we need not address Wife's remaining issues. *See Dzierwa*, 2014 WL 3843950 at *4.

**CONCLUSION**

Based on the foregoing, we reverse the trial court's judgment of divorce and remand this cause for a new trial.

Marialyn Barnard, Justice