**MODIFY and AFFIRM; and Opinion Filed July 9, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01226-CV

## IN THE MATTER OF THE MARRIAGE OF DELMA DOLORES DOMAGALSKI AND HENRY ALBIN DOMAGALSKI

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-00889-Z**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Henry Albin Domagalski appeals from a final decree of divorce. In seven issues, he argues that the trial court erred in denying his request for a jury trial, dividing the estate and awarding spousal maintenance, not holding a hearing on his motion to recuse the trial judge, admitting hearsay evidence, ignoring his request for a de novo hearing, and not timely filing findings of fact and conclusions of law. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We modify in part and affirm as modified.

BACKGROUND

Henry Albin Domagalski was married to Delma Dolores Domagalski for forty years.[1] Delma filed her original petition for divorce on January 17, 2013, and Henry subsequently filed his answer and asserted a counterclaim. An associate judge signed a Notice of Hearing for Temporary Orders giving Henry notice to appear for a hearing. At the hearing on March 1, 2013, both parties and their attorneys of record were present. On April 8, 2013, an associate judge issued temporary orders that required Henry to pay Delma temporary spousal support of $550.00 bi-weekly per month, with the first payment due and payable on March 1. The orders also set a pretrial hearing for April 18. Henry and his counsel did not attend the pretrial hearing. On April 9, 2013, Henry filed a jury demand and, nine days later, filed a request with the district judge for a de novo hearing of the associate judge's order. The request stated that "it is financially impossible for Counter-Petitioner to support his spouse in the amount recommended by the Associate Judge and would amount to more than 50% of his disability benefits."

Five weeks later, Henry filed a Motion to Recuse or Disqualify the Trial Judge, arguing that the trial judge had "exhibited a bias[]" against Henry and in favor of Delma and that Henry could not get a fair trial from that judge. Henry argued that the judge exhibited bias by having an "ex-parte communication with opposing counsel" on April 18, 2013—as evidenced in a letter Delma's counsel had sent to Henry's counsel—during which they "determined [Henry] would not be allowed a jury trial." The letter stated, "Although you did not appear at the Pre-Trial today, Judge Lopez set us for a non-jury trial on **Tuesday, July 30, 2013, 9:00 a.m.**" and continued, "As Judge Lopez and I discussed, there are no issues for a jury." The trial judge refused to recuse and referred the motion to recuse to the presiding judge of the administrative judicial district for further proceedings. The presiding judge determined that the motion to

---

[1] Because the parties have the same surname, we refer to them by first names in this opinion.

recuse was based on conclusions and, as a result, was facially insufficient to require a hearing or recusal.

After a bench trial, the court issued a final decree of divorce that ordered (1) the parties to sell their home and that Delma would receive 55% and Henry would receive 45% of the proceeds from the sale, (2) that Henry pay the amount of spousal maintenance for which he was in arrears to Delma, and (3) that Henry pay $605 per month to Delma as maintenance for ten years unless certain events occurred, such as Henry's or Delma's death or Delma's remarriage. The final decree also stated:

> A jury was demanded. Respondent did not appear and was in default at the Pre-Trial Hearing where case issues were discussed. There were no material issues of fact, and there was no jury trial granted. *Halsell v. Dehoyos*, 810 SW 2d 371 (Tex.1991); *Cockerham v. Cockerham*, 527 SW 2d 162, 173 (Tex.1975); *Richards v. Richards*, 991 SW 2d 32, 36-37 (Tex. Civ. App.-[Amarillo] 1999)[.]

Henry appealed. Pursuant to this Court's order, the trial court made findings of fact and conclusions of law.

### STANDARD OF REVIEW

Most appealable issues in a family law case, including the issues in this case, are evaluated under an abuse-of-discretion standard. *See In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding principles. *Id.*

In family law cases, the abuse of discretion standard of review overlaps with the traditional legal and factual sufficiency standard of review. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). As a result, legal and factual insufficiency are not independent grounds for reversible error, but are factors we consider to determine whether the trial court abused its discretion. *Id.* To make that determination, we consider whether the trial

court (1) had sufficient evidence on which to exercise its discretion and (2) erred in its exercise of that discretion. *In re A.B.P.*, 291 S.W.3d at 95.

## JURY TRIAL

In his first issue, Henry argues that the trial court abused its discretion by refusing to grant him a jury trial. He contends that the jury fee was timely filed prior to notice of trial and that, under family code section 6.703 and article 1, section 15 and article 5, section 10 of the Texas Constitution, he was entitled to a jury trial. *See* TEX. CONST. art. I, § 15, art V, § 10; TEX. FAM. CODE ANN. § 6.703 (West Supp. 2014). He does not cite to the record or argue that he was harmed.

Delma argues that the trial court did not deny Henry's request, but rather—prior to trial— asked Henry to indicate issues of fact that should be heard by a jury, and that Henry did not do so. *See* TEX. R. CIV. P. 166(a), (e), (g), (k). Delma also argues that, even if the trial court should have granted Henry a jury trial, any alleged error was harmless.

Prior to beginning trial, the judge asked Henry's counsel, "[W]hat issue is it that you want the jury to decide in this case?"[2] Henry's counsel responded: "I want the jury to be charged with an issue that states that a party—a spouse is not entitled to Veterans disability benefits, period. That's the law. That's the federal law and that's a state law[.]" The judge then ruled: "[H]aving been just apprised that the husband wants a jury to determine the spousal

---

[2] In addition, the record reflects that, after appellant filed a jury demand, the trial court held a pretrial hearing at which Henry and his counsel did not appear. Prior to beginning trial, the judge stated to Henry's counsel:

> [Y]ou weren't here on a pretrial setting when you were suppose[d] to be here, and at that pretrial setting that's when the court addresses pretrial issues including the issues about whether or not, you know, this is a jury case or whether this is a trial before the Court or what's the jury issue.
>
> And since you weren't here I spoke to counsel about what issues there were and it didn't seem to me that those were jury issues.

Henry's counsel asserted that she had informed the court by phone message on the morning of the pretrial hearing that she was ill.

support issue, I don't believe that's a jury issue. So I will go on the record and say you're not entitled to a jury on the spousal support issue."

The court's findings of fact stated:

1. A jury trial was demanded.

2. Respondent did not appear and was in default at the Pre-Trial Hearing where case issues were discussed.

3. There were no material issues of fact, and there was no jury trial granted. *Halsell v. Dehoyos*, 810 SW 2d 371 (Tex.1991); *Cockerham v. Cockerham*, 527 SW 2d 162, 173 (Tex.1975); *Richards v. Richards*, 991 SW 2d 32, 36-37 (Tex. Civ. App.-[Amarillo] 1999)[.]

Henry did not identify any issues of fact for a jury trial and does not contend he suffered any harm because he did not have a jury trial. We overrule Henry's first issue.

## PROPERTY DIVISION

In part of his second issue, Henry argues that the trial court abused its discretion by awarding Delma "55% of the real property which was purchased through V.A. disability benefits." Although Henry states that the court "awarded a disproportionate share of the couple's assets" to Delma, he does not support the statement with argument, authority, or reference to the record and has presented nothing for us to review. TEX. R. APP. P. 38.1(i). We overrule the portion of Henry's second issue concerning the division of the marital estate.

## SPOUSAL MAINTENANCE

### Award of Spousal Maintenance

In Henry's fifth issue, he argues that the trial court abused its discretion in ordering Henry to pay spousal maintenance because there was no evidence or insufficient evidence to support the trial court's findings of fact. But again Henry does not support this issue with a "clear and concise argument" with "appropriate citations to authority and to the record." TEX. R.

APP. P. 38.1(i). As a result, his fifth issue presents nothing for us to review. We overrule Henry's fifth issue.

**Maintenance Paid from Disability Benefits**

In part of his second issue, Henry argues that the trial court abused its discretion by ordering Henry to pay Delma spousal maintenance from his Department of Veterans Affairs disability benefits in contravention of family code section 8.055. *See* TEX. FAM. CODE ANN. § 8.055(a-1)(2)(F) (West Supp. 2014).

Family code section 8.055 states that a court may not order maintenance that requires payment monthly of more than the lesser of $5,000 or 20 percent of the spouse's average monthly gross income. TEX. FAM. CODE ANN. § 8.055(a). Gross income excludes "Department of Veterans Affairs service-connected disability compensation[.]" *Id.* § 8.055(a-1)(2)(F).

Delma concedes that it "is undisputed" that Henry's "income presently consists solely" of disability income from the Department of Veterans Affairs and, because these benefits are excluded from the calculation of gross income when determining the amount of spousal maintenance, the amount of spousal maintenance that Henry should pay should be zero. She asks us to modify the amount of spousal maintenance to zero dollars or remand this issue to the trial court. Because Delma concedes this issue, we sustain the part of Henry's second issue concerning the amount of spousal maintenance. *See Contemporary Contractors, Inc. v. Centerpoint Apartment Ltd. P/S*, No. 05-13-00614-CV, 2014 WL 3051321, at *4 (Tex. App.—Dallas July 3, 2014, no pet.) (mem. op.).

Although the trial court has discretion to determine the amount of maintenance within statutory limits, *see In re Marriage of Franklin*, No. 10-13-00007-CV, 2013 WL 4799063, at *4 (Tex. App.—Waco Aug. 29, 2013, no pet.) (mem. op.), based upon Delma's concession, we have sufficient information before us in order to determine the amount of spousal maintenance. *See*

*Giesler v. Giesler*, No. 03-08-00734-CV, 2010 WL 2330362, at \*10–11 (Tex. App.—Austin June 10, 2010, no pet.) (mem. op.) (modifying trial court's award of spousal maintenance to strike a portion of the award in excess of the monthly statutory maximum). We sustain this part of issue two and, as Delma requests, modify that portion of the trial court's judgment awarding Delma spousal maintenance to order that Delma is awarded zero dollars in spousal maintenance.

### MOTION TO RECUSE

Henry argues in his third issue that the trial court abused its discretion by not holding a hearing on his motion to recuse and by not giving the parties notice of a hearing on the motion. Henry contends that both a hearing and notice of the hearing were required by rule of civil procedure 18a. *See* TEX. R. CIV. P. 18a. Delma argues that the trial court followed the proper procedure in addressing Henry's motion to recuse.

Rule of civil procedure 18a requires a party filing a motion to recuse or disqualify to "state with detail and particularity facts that: (A) are within the affiant's personal knowledge, except that facts may be stated on information and belief if the basis for that belief is specifically stated; (B) would be admissible in evidence; and (C) if proven, would be sufficient to justify recusal or disqualification." TEX. R. CIV. P. 18a(a)(4). The respondent judge must either sign and file an order of recusal or disqualification or sign and file an order referring the motion to the regional presiding judge. *Id.* 18a(f).

Here, after Henry filed a motion to recuse, the trial judge stated that, having considered the motion, he refused to recuse, and referred the motion to the presiding judge of the administrative judicial district for further proceedings. The sections of the rule Henry relies upon, 18a(d) and (f), do not require the trial court to hold a hearing on the motion or to give parties notice of a hearing on the motion.

We conclude that Henry has not established that the trial court abused its discretion. We overrule Henry's third issue.

## ADMISSION OF EVIDENCE

In his fourth issue, Henry argues that the trial court abused its discretion in admitting evidence that was inadmissible hearsay. *See* TEX. R. EVID. 802, 60 TEX. B.J. 1129, 1149 (1998, amended 2015). Henry argues that the "reporter's record is replete with blatant hearsay which was allowed by the wife's counsel[ ]. . . too many to point out in this brief." To the extent that Henry complains of alleged hearsay statements that he does not "point out in this brief[,]" Henry has not presented "a clear and concise argument for the contentions made" and, as a result, his argument is not sufficient to allow us to examine his complaint about these alleged hearsay statements. TEX. R. APP. P. 38.1(i). Henry does complain about the admission of one hearsay statement, specifically "the entry into evidence of a doctor's letter and the court's statement that it was admissible because it was a medical diagnosis" but he does not cite to the record.[3] *See* TEX. R. EVID. 803(4), 60 TEX. B.J. 1129, 1149 (1998, amended 2015) (statements for purposes of medical diagnosis or treatment as hearsay exception).

Henry argues on appeal that rule of evidence "803(6) clearly states that to constitute evidence of causation, an expert opinion must rest in reasonable medical probability[.]" But rule of evidence 803(6) does not say that. *See* TEX. R. EVID. 803(6), 60 TEX. B.J. 1129, 1149–50 (1998, amended 2015). And the one case Henry cites—*Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 500 (Tex. 1995)—discusses whether evidence of causation was legally sufficient in a personal injury case. The *Burroughs* court concluded that the "diagnoses contained in [the appellee's] medical records [were] admissible" but "to constitute evidence of causation, an expert opinion must rest in reasonable medical probability." *Id.*

---

[3] Henry contends that the letter is not in the record. It is an exhibit to the reporter's record.

Henry argues that, here, there was "no predicate that the doctor was an expert" and the recitations were "merely of medical history or opinion as to causation provided by her doctor." Those issues, however—as in *Burroughs*—concern the sufficiency of the evidence, not whether evidence was hearsay. Consequently, Henry has not established that the trial court abused its discretion. We overrule Henry's fourth issue.

## REQUEST FOR DE NOVO HEARING

Henry argues in his sixth issue that the trial court abused its discretion when it "ignored [his] timely request" for a de novo hearing to contest the amount of temporary spousal support recommended by an associate judge.[4] Henry contends that the associate judge did not pronounce findings from the bench at the hearing or provide his attorney with a copy of the associate judge's recommendation from that hearing, and that his attorney was not aware of the findings until the attorney received a copy of the signed temporary orders by the associate judge via facsimile on April 8, 2013.[5]

Delma argues that Henry's request for a de novo hearing was untimely because Henry admits that he was present at the March 1 hearing and that the associate judge gave notice orally of the substance of his orders at the hearing. She contends Henry's request for a de novo hearing was due by March 12 but Henry did not file his request until over a month later on April 18. In addition, Delma argues that, even if the time for filing the notice did not begin until April 8 (which Delma disputes) when Henry received a written copy of the temporary orders, his filing

---

[4] Henry states in his brief that the hearing for temporary orders took place on February 17, 2013. His request for de novo hearing stated that "[h]earing was had before the Associate Judge on April 8, 2013." The record reflects that the hearing took place on March 1, 2013.

[5] Henry also argues that (1) the court did not provide notice of the right to a de novo hearing, as required by family code 201.012, *see* TEX. FAM. CODE ANN. § 201.012 (West 2014), and (2) the referring judge "apparently did not sign" the temporary orders. Henry did not raise these arguments in the trial court and, as a result, they are not preserved for appellate review. *See* TEX. R. APP. P. 33.1. In addition, Henry states that there was no pronouncement on the docket sheet because "the docket sheet is missing[,]" but he does not state how the absence of the docket sheet affects his argument.

of the request for a de novo hearing was still untimely because it was due on April 17—seven working days after April 8—and Henry did not file the request until April 18.

Section 201.011 of the family code requires that, after a hearing, an associate judge shall provide notice to the participating parties of the substance of the associate judge's report, including any proposed order. TEX. FAM. CODE ANN. § 201.011(b) (West 2014). Notice may be given to the parties "in open court, by an oral statement or a copy of the associate judge's written report, including any proposed order[,]" by certified mail, or by facsimile transmission. *Id.* § 201.011(c). A party may request a de novo hearing with the referring court by filing with the clerk of the referring court a written request "not later than the seventh working day after the date the party receives notice of the substance of the associate judge's report as provided by Section 201.011."[6]

In this case, the associate judge's temporary orders stated that Henry "appeared in person and through attorney of record, B.F. Summers, and announced ready" at the hearing on March 1 at which the court heard Delma's motion for temporary orders. Prior to trial, Henry's counsel admitted that she was present at the hearing on March 1 and that the associate judge "verbally said some things" but she contended that "there was not a written" document.[7] The trial judge stated that the associate judge's report handed to him by Delma's counsel at trial "look[ed] like . . . a recommendation made on March 1, 2013. And it check[ed] off that husband was present, the wife was present and both attorneys looks like." The judge also stated: "So if you got a copy of this on March 1, 2013, that's the date that we used to determine whether or not your motion

---

[6] Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 241, *amended by* Act of May 23, 2007, 80th Leg., R.S., ch. 1043, 2007 Tex. Gen. Laws 3599, *amended by* Act of May 23, 2007, 80th Leg., R.S., ch. 1235, § 7, 2007 Tex. Gen. Laws 4150, 4152 (amended 2013) (current version at TEX. FAM. CODE ANN. § 201.015(a) (West 2014)). The prior version of section 201.015 of the family code, cited here, was in effect at the time of the hearing before the associate judge below.

[7] Delma's counsel argued that she "personally handed one of the copies" to Henry's counsel in the hall while Henry's counsel was talking with her client and his family. Henry's counsel stated that she did not have that document.

–10–

for de novo [hearing] is timely filed; not the date you were presented with temporary orders[.]"[8] The judge stated that, because "based on what [he had] seen the date that the ruling was made by the associate judge" was March 1, Henry's filing for a de novo hearing on April 18 was "clearly . . . untimely." *See In re B.M.A.J.*, No. 12-12-00225-CV, 2012 WL 6674428, at *3 (Tex. App.—Tyler Dec. 20, 2012, pet. denied) (mem. op.) (stating that when a party's "request for a de novo hearing was untimely[,]" the party "was not entitled to a de novo hearing"). We conclude that the trial court did not abuse its discretion. We overrule Henry's sixth issue.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his seventh issue, Henry argues that the trial court abused its discretion by refusing to timely file findings of fact and conclusions of law and by not sending a copy to Henry's attorney.[9] Henry asked the court to make findings of fact and conclusions of law within twenty days after the judgment was signed as required by rule of civil procedure 296.[10] *See* TEX. R. CIV. P. 296; *see also* TEX. FAM. CODE ANN. § 6.711 (West 2006) (requiring that, in suit for the dissolution of a marriage in which the court rendered judgment dividing the estate, a "request for findings of fact and conclusions of law . . . must conform to the Texas Rules of Civil Procedure"). Subsequent to the filing of this appeal and on this Court's own motion, this Court ordered the trial court to make findings of fact and conclusions of law and abated the appeal to allow the trial court to comply. The trial court made the findings of fact and conclusions of law, and submitted them as part of a supplemental clerk's record. As a result, the trial court filed the requested findings and conclusions while the case was on appeal. *See Kramer v. Weir SPM*, No.

---

[8] Delma's counsel stated to the trial judge that the "temporary orders that were presented to [Henry's counsel] . . . exactly reflect what the associate ordered."

[9] Delma argues that, because Henry only addresses this issue in the table of contents to his brief, he waived any error concerning this issue. Because of our disposition of this issue, it is not necessary for us to address Delma's argument.

[10] Although Henry states in his brief that he filed a notice of past due findings of fact and conclusions of law under rule 297, which is a prerequisite for appellate review, the record does not contain his notice. *See* TEX. R. CIV. P. 297; *Las Vegas Pecan & Cattle Co., Inc. v. Zavala Cty.*, 682 S.W.2d 254, 255 (Tex. 1984); *In re Guthrie*, 45 S.W.3d 719, 722 (Tex. App.—Dallas 2001, pet. denied). Given our disposition of this issue, it is not necessary for us to address Henry's contention that he filed the notice.

–11–

02-13-00093-CV, 2014 WL 3953928, at *2 (Tex. App.—Fort Worth Aug. 14, 2014, pet. denied) (mem. op.); *see also Morrison v. Cogdell*, No. 2-02-261-CV, 2003 WL 21476243, at *1 (Tex. App.—Fort Worth June 26, 2003, no pet.) (mem. op.) (concluding that, when "trial court has filed findings of fact and conclusions of law in a supplemental clerk's record[,]" the complaint that trial court "improperly failed to file findings of fact and conclusions of law" was moot).

The only issue when a trial court files belated findings is whether the litigant was harmed either because the litigant was unable to request additional findings or the litigant was prevented from properly presenting his appeal. *In re E.A.C.*, 162 S.W.3d 438, 443 (Tex. App.—Dallas 2005, no pet.). Because Henry has not shown that the timing of the trial court's filing of findings of fact and conclusions of law harmed him in his ability to request additional findings and conclusions or to properly present his appeal, we conclude that the failure of the trial court to timely file its findings and conclusions was harmless. *See Kramer*, 2014 WL 3953928, at *2. We overrule Henry's seventh issue.

CONCLUSION

We modify that portion of the trial court's judgment awarding Delma spousal maintenance to order that Delma is awarded zero dollars in spousal maintenance. We affirm the trial court's judgment, as modified, in all other respects.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131226F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE MATTER OF THE MARRIAGE
OF DELMA DOLORES DOMAGALSKI
AND HENRY ALBIN DOMAGALSKI

No. 05-13-01226-CV

On Appeal from the 256th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-13-00889-Z.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, we **MODIFY** that portion of the trial court's judgment awarding Delma Dolores Domagalski spousal maintenance to order that Delma Dolores Domagalski is awarded zero dollars in spousal maintenance.

As **MODIFIED**, the judgment is **AFFIRMED**.

It is **ORDERED** that appellee Delma Dolores Domagalski recover her costs of this appeal from appellant Henry Albin Domagalski.

Judgment entered this 9th day of July, 2015.