

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00313-CV

DEBRA K. QUEZADA, APPELLANT

V.

RAFAEL QUEZADA, APPELLEE

On Appeal from the County Court
Moore County, Texas
Trial Court No. CL51-15, Honorable Delwin T. McGee, Presiding

July 11, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appearing pro se in this restricted appeal of a divorce decree, appellant Debra K. Quezada (Quezada) presents three issues. Finding the face of the record does not support Quezada's claims of trial-court error, we will affirm the judgment.

Background

In a divorce decree of June 17, 2015, the trial court dissolved the marriage of Quezada and appellee Rafael Quezada. Although served with process, Quezada did

not file an answer and did not appear for trial. The decree recites that "although duly and properly cited, [Quezada] did not appear and wholly made default."[1] The decree orders the marriage dissolved on the ground of insupportability.[2]

Quezada filed no post-trial motions but on August 20, 2015, filed a notice of appeal. As we notified Quezada by letter of October 5, 2015, because her notice of appeal was not timely filed, we have jurisdiction of her appeal only as a restricted appeal, and have reviewed it as such an appeal. The clerk's record was filed on September 8, 2015. It consists of Rafael Quezada's original and first amended petitions for divorce, citation, proof of service, the divorce decree, a copy of a Rule of Civil Procedure 306a(4) notice to Quezada, the trial court's docket sheet, and Quezada's notice of appeal.

In a letter of October 5, 2015, the court reporter notified us that Quezada had not made arrangements to pay for the reporter's record. By our letter of that date, we notified Quezada that the reporter's record had not been filed and set October 19 as the deadline for Quezada to make acceptable payment arrangements for preparation of the reporter's record. Quezada did not comply.

---

[1] For disposition of this appeal we place no significance on the judgment's recitation that Quezada "wholly made default." By proceeding to trial, Rafael Quezada waived any right to a default judgment. *See Estate of Grimes v. Dorchester Gas Producing Co.,* 707 S.W.2d 196, 204 (Tex. App.—Amarillo 1986, writ ref'd n.r.e.) (citing *Foster v. L. M. S. Development Co.,* 346 S.W.2d 387, 397 (Tex. Civ. App.—Dallas 1961, writ ref'd n.r.e.) (finding that by proceeding to trial the plaintiffs waived the right to obtain a default judgment against the non-answering defendants)).

[2] *See* TEX. FAM. CODE ANN. § 6.001 (West 2006) ("On the petition of either party to a marriage, the court may grant a divorce without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation").

In a November 20 letter, we ordered Quezada to request preparation of the reporter's record and make acceptable payment arrangements by December 7. The letter went on to warn Quezada that her failure to comply would result in our consideration only of issues not requiring a reporter's record. *See* TEX. R. APP. P. 37.3(c). Quezada made no response.

Therefore, by letter of December 18, we notified Quezada of the deadline for filing her brief and that we would consider and decide those issues not requiring a reporter's record. Quezada did not timely file her brief but subsequently moved for additional time. We extended the filing deadline until March 9, 2016. Quezada did not file her brief. By letter of March 21, we notified Quezada that failure to file her brief by April 1 would result in dismissal of the appeal for want of prosecution. Quezada then timely filed her brief. Appellee Rafael Quezada did not file a response brief.

Analysis

Quezada presents three issues. First, she challenges the sufficiency of the evidence presented at trial to establish discord in the marriage. Second, she argues the trial court erred by not allowing her to access evidence of Rafael Quezada's property and financial records. Finally, she challenges the sufficiency of Rafael Quezada's evidence of the couple's thirty-six year marriage.[3]

---

[3] We interpret Quezada's first and third issues as challenging the sufficiency of Rafael's evidence supporting elements of his insupportability ground for divorce. *See In re Marriage of Richards,* 991 S.W.2d 32, 37-38 (Tex. App.—Amarillo 1999, pet. dism'd) (stating the insupportability ground for divorce has three elements: (1) that the marriage has become insupportable because of discord or conflict, (2) that discord or conflict destroys the legitimate ends of the marriage, and (3) there is no reasonable expectation of reconciliation and noting "[w]hile the adoption of 'no-fault' divorce dispenses with any

A restricted appeal is available only if a party: (1) appealed within six months of the day the judgment was signed; (2) was a party to the underlying lawsuit; and (3) did not participate in a hearing that produced the judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004) (citing Tex. R. App. P. 26.1(c) & 30); *see Gold v. Gold,* 145 S.W.3d 212, 213 (Tex. 2004) (per curiam) ("a restricted appeal requires error that is *apparent*, not error that may be *inferred*" (emphasis in original)). Here, requirements one through three are satisfied. Our concern is therefore whether error is apparent on the face of the record. The face of the record consists of all papers on file in the appeal, including the clerk's record and any reporter's record. *DSC Fin. Corp. v. Moffitt,* 815 S.W.2d 551, 551 (Tex. 1991).

The scope of review in a restricted appeal is the same as an ordinary appeal, that is the entire case, except the error must appear on the face of the record. *Norman Communications, Inc. v. Texas Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (writ of error). An appellant may challenge the sufficiency of the evidence through a restricted appeal. *Norman Communications,* 955 S.W.2d at 270. Because we have no reporter's record, error must appear on the face of the papers filed in the clerk's record.

None of the items included in the twenty-four page clerk's record provide a means for us to properly gauge the legal and factual sufficiency of any evidence

_____
burden to establish the source of the conflict rendering the marriage insupportable, it does not relieve the petitioner of the burden to establish the existence of the statutory elements").

4

presented to the trial court. Further, there is no indication that Quezada sought discovery of Rafael Quezada's records or that any action of the trial court precluded her doing so. Error on the face of the record has not been shown. We therefore overrule Quezada's three issues and affirm the judgment of the trial court.

James T. Campbell
Justice